1  Marco Paez
2  17977 Lost Canyon Rd. #94
   Santa Clarita, California 91387
3  Tel. (310) 402-6604
4  email. marcoalfredopaez@gmail.com

5  Defendants

FILED
CLERK, U.S. DISTRICT COURT

MAY - 9 2019

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

LACV1904064 - PA-AFMX

6

7         IN THE UNITED STATES DISTRICT COURT
          FOR THE CENTRAL DISTRICT OF CALIFORNIA
8              LOS ANGELES DIVISION

9

10 **KEVIN NEE AND LORA NEE,**          Case No.:

11              Plaintiff,              State Case No.:  18CHUD01658
12 vs.                                  State Case No.:

13 **Lina Maria Serrano; Jose Carlos**  **NOTICE OF REMOVAL**
   **Serrano: Isabel Ripalda; Maria**
14 **Campozano AKA; Maria Paez; Alfredo**
15 **F. Paez; Marco Paez; and DOES 1**
   **thourgh 10 inclusive,**
16

17              Defendants.

PAID

MAY - 9 20

Clerk, US District Court
COURT 4612

18

19              <u>**NOTICE OF REMOVAL**</u>

20

21 Defendant, Marco Paez, herein gives Notice that, pursuant to 28 U.S.C. §§1443, 1446,

22 & 1447(b), he removed this case to the United States District Court for the Central

23 District of California, on grounds that 1] the Defendant's federally secured due process
24

25 rights guaranteed by the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the

26 constitution, 42 U.S.C. §§§1981, 1982 and 1983 are being directly and <u>systematically</u>

NOTICE OF REMOVAL - 1

impaired and infringed by unconstitutional statutory laws and customs, practices, and policies having the force and effect of law in the State of California, and that]

DIVERSITY exists in that the Plaintiff is a Delaware entity and the Defendants are California entities.

## DIVERSITY JURISDICTION

1. Removal to this District is proper because this is the District which embraces the County in which Plaintiffs filed the State Court Action. 28 U.S.C. § 1441(a).

2. This Court has jurisdiction of this case under 28 U.S.C. § 1332 and it is an action that may be removed to this Court pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum or value of $75,000, exclusive of costs and interest.

## COMPLETE DIVERSITY OF CITIZENSHIP

3. The citizenship of the parties to this action is completely diverse.

4.    Defendant's Citizenship. Defendant's are citizens of the State of California (based on domicile). Defendant's first and original Plaintiff is a residence of New York, New York. A party's residence is 'prima facie' evidence of domicile. State Farm Mut. Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); sec also Bradley Min. Co. v. Boice, 194 F.2d 80, 84 (9th Cir. 1952) ("Proof residence in a state is usually thought prima facie evidence of domicile sufficient to shift the burden of proof"), cert, denied, 346 U.S. 874 (1953). But residency is not determinative of citizenship. Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001) ("Kanter").

5.    To be a citizen of a state, a natural person must first be a citizen of the United States. *Ibid*. Defendant's are citizens of the United States. Their citizenship is evidenced by the fact that they are individuals residing in the County of New York, and claim to

have interest in real property located at 17977 Lost Canyon Rd. #94, Santa Clarita, California 91387."

6.      Once citizenship of the United States is established, "[t]he natural person's state citizenship is then determined by his/her/its state of domicile." Kanter, supra, 265 F.3d at 857. "[T]he existence of domicile for purposes of diversity is determined as of the time the lawsuit is filed. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986) ("Tew"). "[A] person is 'domiciled' in a location where he or she has established a 'fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely.'" Id., at 749-50 (citations omitted); see also Kanter, supra, 265 F.3d at 857 ("A person's domicile is where his/her permanent home, where he/she resides with the intention to remain or to which he/she intends to return."). Moreover, "a person's old domicile is not lost until a new one is acquired." Lew, supra, 797 F.2d at 750.

7.      Evidence that Defendants are domiciled in California is extensive. As a preliminary matter, Defendants alleges that they currently reside, and "at all relevant times relevant to this action have resided," at 17977 Lost Canyon Rd. #94, Santa Clarita, California 91387.

8.      Taken together, the evidence is overwhelming that Defendants have been domiciled in Los Angeles, California (a fixed habitation) and remains domiciled in California through the dale of this Notice of Removal (providing proof of an intent to remain in California permanently).

**DEFENDANT'S FIRST PLAINTIFF DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTION MORTGAGE LOAN TRUST, SERIES 2005-OPT2, ASSETS BACKED PASS-THROUGH CERTIFICATES SERIES 2005-OPT2 's Citizenship.**

IN THE FIRST CASE FILED AGAINST DEFENDANT AND STILL PENDING IN PASADENA COURT PLAINTIFF'S CASE NO. 14P07978;      DEUTSCHE BANK

NOTICE OF REMOVAL - 3

NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTION MORTGAGE LOAN TRUST, SERIES 2005-OPT2, ASSETS BACKED PASS-THROUGH CERTIFICATES SERIES 2005-OPT2 's Citizenship (hereinafter "DEUTSCHE BANK") as Trustee is a citizen of the State of New York. DEUTSCHE BANK as Trustee was a corporation incorporated in New York, with its principal place of business in New York, Located at 240 Greenwich Street New York, NY 10286

9.     Therefore, pursuant to 28 U.S.C. § 1332(c)(1), DEUTSCHE BANK as Trustee is a citizen of New York for diversity.

## CITIZENSHIP OF A TRUST

10.    In re: Demarest v. HSBC Bank USA, N.A. as Trustee et al. D.C. No. 2:16-cv-05088-AB-E;  The panel held that the Supreme Court's decision in Americold Realty Trust v. ConAgra Foods, Inc., 136 S. Ct. 1012 (2016), did not upset the holding in Navarro Ass'n v. Lee, 446 U.S. 458, 458 (1980) (holding that "a trustee is a real party to the controversy for purposes of diversity jurisdiction when he possesses certain customary powers to hold, manage, and dispose of assets for the benefit of others"), nor other precedent where, as here, HSBC—the trustee of a traditional trust—was sued in its own name. The panel concluded that because HSBC and the other defendants were not, like plaintiff, citizens of California, there was complete diversity, and the district court properly exercised diversity jurisdiction.

11.    In 2016, the Supreme Court decided Americold, in which it addressed "how to determine the citizenship of a 'real estate investment trust,' an inanimate creature of Maryland law," and concluded that "[w]hile humans and corporations can assert their own citizenship, other entities take the citizenship of their members." 136 S. Ct. at 1014. In so deciding, the Court noted that under Maryland law, a "real estate investment trust" is "not a corporation," but is instead "an 'unincorporated business trust or association' in which property is held and managed 'for the benefit and profit of any person who

NOTICE OF REMOVAL - 4

may become a shareholder.'" Id. at 1015– 16 (quoting Md. Code Ann. Corps. & Ass'ns § 8-101(c)). The Court determined that the real estate investment trust's "shareholders appear to be in the same position as the shareholders of a joint-stock company or the partners of a limited partnership—both of whom we viewed as members of their relevant entities," and "therefore conclude[d] that for purposes of diversity jurisdiction, [the real estate investment trust's] members include its shareholders." Id.

## VENUE

12.   Venue in this Court is proper pursuant to 28 U.S.C. § 1441 (a) because this is the district that embraces the county in which Plaintiffs filed the State Court Action.

13.   Pursuant to 28 U.S.C. § 1446(d), Defendant's are filing this Notice of Removal with this Court, will provide written notice of the removal of this action to Plaintiffs, and notice thereof will be filed with the Clerk of the Los Angeles County Superior Court.

## INTRODUCTION

14. The third Complaint for Unlawful Detainer was filed October 9, 2014, by DEUTSCHE BANK is still open. (see Complaint Exhibit 1)

15. Defendants filed a verified answer on April 21, 2015. (see Complaint Exhibit 2)

16. Without notice to the Defendant, Plaintiff moved the court for judgment against Defendant on April 14, 2016. (see Judgment Exhibit 3)

17. Defendant filed a Ex Parte Application Motion for Reconsideration of Judgment granted on April 14, 2016. (see Ex Parte Application Exhibit 4)

18.  The case was abandoned by Plaintiff Deutsche Bank Trust and left open.

19. Without notice to Defendant's Plaintiff allegedly sold the Property at Hubzu.com for an amount of $356,000.00 cash only to avoid Federal issues as a Trustee for a Trust Company to Kevin Nee and Lora Nee who brought a fifth Unlawful Detainer with a forged Grant Deed. (see Exhibit 5)

NOTICE OF REMOVAL - 5

20. Defendant has sufficient evidence from the Department of Justice of California and the Atlanta Georgia Judicial District that Defendant's were wrongfully foreclose due to a Government investigation. (see Dept of Justice Letter 2014 Exhibit 6)

21. Their investigation centered around wrongful foreclosures by these servicers, Deutsche Bank, American Home Mortgage Servicing, Inc., Homeward Residential Holdings, LLC, Ocwen.

22. Defendant his family are victims of the DOCX, Lorraine Brown, Linda Green and Georgia notary Shantavia Thomas crimes. (see Plea Agreement USA v. Lorraine Brown Exhibit 7)

23. Defendant's Assignment of Deed of Trust recorded August 14, 2008 with instrument number 20081466217 was Fabricated and forged by DOCX. (see First Assignment Exhibit 8)

24. The First Assignment has the forged signature of the infamous LINDA GREEN and notary SHANTAVIA THOMAS.

25. A Second Assignment of Deed of Trust was recorded on December 8, 2008 with instrument number 20082150215 and was also created by DOCX with a forged signature of LINDA GREEN and SHANTAVIA THOMAS.

26. Both of these Assignments were created in the same manner as in the Plea Agreement dated November 13, 2012.

27. Defendant was surprised when he was served a new unlawful detainer by Kevin Nee and Lora Nee on September 19, 2018 with a forged Grant Deed created in Florida on June 18, 2018. (refer Grant Deed Exhibit 5) and (see Rafael Gonzalez's notary application signature Exhibit 9)

28. With the forged documents used over the wire is a violation of 18 USC 1341.

29. Plaintiff could never achieve the well pleaded complaint rule with all the forge documents slandering Defendant's title.

NOTICE OF REMOVAL - 6

1

## WELL PLEADED COMPLAINT RULE

2

30. Here the District Courts look to the 'well-pleaded complaint rule,' which provides that

3

federal jurisdiction exists only when a federal question is presented on the face of the

4

plaintiff's properly pleaded complaint."

5

31.      Plaintiff's complaint could never meet the well-plead complaint rule as it is

6

devoid of a proper chain of title pursuant to 2924 et al.,

7

32.      The State court being aware of the statutory laws decided to turn a blind eye to

8

the statutes, laws and constitution that govern Defendant's rights and allowed an improper

9

complaint to be used to move the case foreword.

10

33.      Plaintiff complaint is built around false and forged documents and therefore
cannot meet the Well Pleaded Complaint Rule.

11

## FORGED DOCUMENTS

12

*OC Interior Services, LLC v. Nationstar Mortgage, LLC*, 7 Cal. App. 5th 1318, 213

13

Cal. Rptr. 3d 395, 2017 Cal. App. LEXIS 66; at foot note (7) The law protects innocent
purchasers, but "that protection extends only to those who obtained good legal title."

14

(*Wutzke v. Bill Reid Painting Service, Inc.* (1984) 151 Cal.App.3d 36, 43 [198 Cal.Rptr.
418].) For example, "a forged document is void *ab initio* and constitutes a nullity; as[7

15

Cal.App.5th 1332] such it cannot provide the basis for a superior title as against the

16

original grantor." (*Ibid.*) "An instrument that is void *ab initio* is comparable to a blank
piece of paper and so necessarily derives no validity from the mere fact that it is

17

recorded." (*Morgan, supra,* 105 Cal.App.2d at p. 733.)

18

34. The Complaint fails to provide any evidence meeting the statutory laws governing non-

19

judicial foreclosure. Pro Value Properties, Inc. v. Quality Loan Service Corp., 170 Cal.App.4th

20

579 (2009) A nonjudicial foreclosure sale is a creature of statute. (*Kachlon v. Markowitz* (2008)

21

168 Cal.App.4th 316, 334, 85 Cal.Rptr.3d 532 ["The Civil Code contains a comprehensive

22

statutory scheme regulating non-judicial foreclosure."].) The trustee's role in preparing for and

conducting the sale is set forth in detail in Civil Code section 2924 et seq.

23

## EXEMPTION TO THE WELL-PLEADED COMPLAINT RULE

24

35. Accordingly 28 U.S.C. §1443 constitutes an expressly authorized, in fact, specially

25

mandated, exemption to the "well-pleaded complaint rule" and U.S. District Judges making

26

such analyses and comparisons have plainly erred in confusing the two forms of removal in

their prior opinions, even in relationship to the present Defendants' removal, which Defendants pray that this U.S. District Court will not repeat in the disposition of the present case. Compare, for example, ***McCullough v. Ligon***, 430 F. Supp. 2d 846, 850 (E.D. Ark. 2006); ***Neal v. Wilson*, 112 F.3d 351, 355 (8th Cir. 1997).**

36. **Unlike the Defendant in *Neal v. Wilson*,** Defendants can and will at trial "show[] that Plaintiff used the Non Judicial state law preventing them from raising their federal claims in state court, [and] further [they] has [] shown the basis for an "equally firm prediction" that [they] will be unable to protect his federal rights in state court." 112 F.3d at 855.

37. DEUTSCHE BANK allegedly sold Defendant's property at an internet auction to avoid the Federal issues. DEUTSCHE BANK knew or should have known that the amount in controversy exceeded the 10,000.00 and that's why DEUTSCHE BANK sold the property at a internet auction for $356,000.00

Furthermore, this Initial Pleading (Complaint for Unlawful Detainer) was filed by Plaintiff in a County and State where Defendant's are people belonging to a class (of defendants of wrongful eviction actions predicated on their status as Ecuadorian victims of wrongful foreclosure) who are denied and cannot enforce in the courts of Los Angeles County, California, their rights to equal civil rights of all citizens of the United States, including but not limited to 42 U.S.C. §§1981-82, actionable under 42 U.S.C. §§1983 and 1988(a).

The combination of circumstances put Defendants on notice that they were "be denied [and] cannot enforce in the courts of [the Superior Court of Los Angeles County in the] State [of California any of his] right[s] under any [and all] law[s] providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. §§1343, 1443(1) and 42 U.S.C. §§1981, 1982, all actionable under 42 U.S.C. §§1983, 1988(a).

## CIVIL RIGHTS REMOVALS & CIVIL RIGHTS INJUNCTIONS

Civil Rights Removal under 28 U.S.C. §§1443 & 1447(d) and Civil Rights Injunctions under 42 U.S.C. §§1983 & 1988 may be closely related as exceptions to the "Anti-Injunction Act" 28 U.S.C. §2283 as follows:

NOTICE OF REMOVAL - 8

Defendants particularly urges this Court to consider a comprehensive re-evaluation of the Civil Rights Injunction doctrine in ***Dombrowski v. Pfister***, ***Younger v. Harris***, and ***Mitchum v. Foster***, alongside the Civil Rights Removal doctrine articulated in ***Greenwood v. Peacock*** and ***Rachel v. Georgia***, because, in essence, statutory removals are treated as stays (injunctions) of state court proceedings under the anti-injunction act, 28 U.S.C. §2283, and a comprehensive and color-blind State-to-Federal Civil Rights jurisprudence has yet to be developed, but such a constitutional jurisprudence is clearly necessary in light of the recent history of the United States.

For all the above-and-foregoing reasons, removal of this action from Superior Court in and for Los Angeles County, California, to the United States District Court for the Central District of California, (Los Angeles County) Division, is proper pursuant to all relevant statutes and law.

The Homeowner Bill of Rights AB-2610 Tenants: foreclosure and unlawful detainer was passed by California Legislation that infringes upon Defendant's due process rights.

The California Constitution  Article One Section 9
**SEC. 9.  A bill of attainder, ex post facto law, or law impairing
the obligation of contracts may not be passed.**

No State may make a law or pass a law that would impair the obligation of a contract.

Here the State Passed the Homeowner Bill of Right Act that impairs Defendant's rights to contract.

When two private citizens enter into a contract the state is not involved and the due process of the constitution does not exist. (see Susan Garfinkle vs Superior Court [S.F. No. 23658. Supreme Court of California. May 16, 1978.]. [4] "The Fourteenth Amendment prohibits the State from depriving any person of life, liberty, or property, without due process of law; but it adds nothing to the rights of one citizen as against another." (United States v. Cruikshank (1875) 92 U.S. 542, 554 [23 L. Ed. 588, 592].) The Fourteenth Amendment "erects no shield against merely private conduct, however discriminatory or wrongful." (Shelley v.

NOTICE OF REMOVAL - 9

Kraemer (1948) 334 U.S. 1, 13 [92 L. Ed. 1161, 1180, 68 S. Ct. 836, 842].) [5] The question

presented here, as in all actions challenged under the Fourteenth Amendment, is whether "there

is a sufficiently close nexus between the State and the challenged action ... so that the action ...

may be fairly treated as that of the State itself." (Jackson v. Metropolitan Edison Co.

(1974) 419 U.S. 345, 351 [42 L. Ed. 2d 477, 484, 95 S. Ct. 449].) Thus, the threshold question

which we must determine is whether the state is **[21 Cal. 3d 277]**significantly involved in the

nonjudicial foreclosure procedure so as to bring that procedure within the reach of the due

process clause.

Here the State Courts violate the Peoples private right to contract pursuant to AB 2610.

### **DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial in the above-entitled action.

WHEREFORE, Defendant prays that the State Court Action be removed from the state

court to this Court, and that this Court assume jurisdiction over the action and

determine it on the merits.

Remanding this case back to the State court would be just like the Romans feeding the

Christians to the lions.

WHEREFORE AND ACCORDINGLY, Defendants hereby files this Removal.

Respectfully submitted,

Thursday, May 9, 2019

Marco Paez, In Pro Se

NOTICE OF REMOVAL - 10

## CERTIFICATE OF FILING AND SERVICE

We the undersigned Defendants do hereby certify that We filed an original signed copy of the above-and-foregoing Notice of Civil Rights Removal with the Los Angeles County Superior Court Clerk 9425 Penfield Ave., Los Angeles , CA 91311) for the State of California and simultaneously served a true and correct copy of the same on the following known party to the above entitled and numbered cause as follows:

And
Chris Evans
915 Wilshire Blvd. Suite 1650
Los Angeles, CA 90017
**(213)337-0050**

Respectfully Submitted

Thrusday, May 9, 2019

Marco Paez, In Pro Se

NOTICE OF REMOVAL - 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Exhibit 1:

Plaintiff's Unlawful Detainer October 9, 2014

NOTICE OF REMOVAL - 12

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 09 2014

Sherri R. Carter, Executive Officer/Clerk
By: Mireya Cuevas, Deputy

1   ERIC D. HOUSER [SBN 130079]
    STEVE W. PORNBIDA [SBN 248359]
2   HOUSER & ALLISON, APC
    3780 Kilroy Airport Way, Suite 130
3   Ph: (949) 679-1111
    Fax: (949) 679-1112
4

5   Attorney for Plaintiff,
    DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON
    MORTGAGE LOAN TRUST, SERIES 2005-OPT2, ASSET BACKED PASS-THROUGH
6   CERTIFICATES SERIES 2005-OPT2

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                     COUNTY OF LOS ANGELES

10   DEUTSCHE BANK NATIONAL TRUST         Case No.:     1 4 P 0 7 9 7 8
    COMPANY, AS TRUSTEE FOR
11   CARRINGTON MORTGAGE LOAN           **COMPLAINT FOR UNLAWFUL**
    TRUST, SERIES 2005-OPT2, ASSET         **DETAINER AGAINST OCCUPANTS**
12   BACKED PASS-THROUGH                   **HOLDING OVER AFTER NONJUDICIAL**
13   CERTIFICATES SERIES 2005-OPT2         **SALE UNDER POWER OF SALE IN**
                                          **DEED OF TRUST**
14               Plaintiff,                   **[ACTION BASED ON CCP§§ 1161a]**

15         vs.                             **Demand up to $10,000.00**
16

17   JUAN CARLOS SERRANO, LINA MARIA
    SERRANO, MARCO PAEZ, ALFREDO F.
18   PAEZ, MARIA CAMPOZANO A/K/A
    MARIA PAEZ, ISABEL RIPALDA; and
19   DOES 1 through 10, inclusive,

20

21           Defendants

22

23         Plaintiff, Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage

24   Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates Series 2005-OPT2

25   ("Plaintiff"), on behalf of itself alleges as follows:

26         1.       The real property, possession of which is sought in this action, is situated in the

27   County of Los Angeles, and upon information and belief, Defendants JUAN CARLOS

28   SERRANO, LINA MARIA SERRANO, MARCO PAEZ, ALFREDO F. PAEZ, MARIA

                                      COMPLAINT
                                          1

1  CAMPOZANO a/k/a MARIA PAEZ, ISABEL RIPALDA (collectively the "Defendants") are
2  now, and at all times mentioned herein were residents of that County.

3      2.      Plaintiff does not know the true names or capacities of Defendants named in this
4  Complaint as DOES 1 through 10, inclusive, and therefore sues the Defendant under the
5  provisions of Section 474 of the California Code of Civil Procedure, and prays leave to amend
6  this Complaint to insert their true names and capacities, when ascertained.

7      3.      Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage
8  Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates Series 2005-OPT2 is
9  qualified to do business in California.

10     4.      Plaintiff is the owner of the real property located at 17977 Lost Canyon Road,
11  Unit 94, Canyon Country, CA 91387 ("Property") and is entitled to possession thereof.

12     5.      On or about November 22, 2011, Plaintiff became the owner of the Property by
13  purchasing the Property at a trustee's sale held in compliance with California Civil Code
14  Section 2924.  Plaintiff duly perfected its title by recording a Trustee's Deed Upon Sale on
15  November 22, 2011.  A true and correct copy of the recorded Trustee's Deed Upon Sale is
16  attached hereto as **Exhibit "1."**

17     6.      On information and belief, Plaintiff alleges that at the time of the foreclosure
18  sale, the Defendants were in possession of the Property and some or all of them have remained
19  in possession after the sale without consent of the Plaintiff.  The title to and/or right to possess
20  the Property by any defendant was extinguished by the trustee's sale.

21     7.      After, multiple unsuccessful attempts at personal service on the defendants, on
22  September 22, 2014, Plaintiff caused to be served a written Notice to Occupant to Vacate
23  Premises stating the Plaintiff had purchased the Property and that its title had been duly
24  perfected and demanding that all persons vacate the premises.  A true and correct copy of the
25  Notice to Occupant to Vacate Premises, with proofs of service and affidavits describing
26  attempted service prior to posting are attached hereto as **Exhibit "2."**

27
28

8.      Since the service of **Exhibit "2"** none of the defendants named in that Notice have contacted Plaintiff to contest Plaintiff's title, or provide evidence that they are a bona fide tenant pursuant to Section 702(a)(2)(A) of the Protecting Tenants at Foreclosure Act.

9.      More than three days have elapsed since the service of the Notice to Occupant to Vacate Premises but the Defendants have failed to deliver up possession of the premises.

10.     The reasonable rental value of the use and occupancy of the premises is the sum of $80.00 per day, and damages to Plaintiff caused by Defendants' unlawful detention thereof have accrued at the rate and will continue to accrue at the rate until judgment is entered.

WHEREFORE, Plaintiff prays for judgment as follows:

1.      That Defendant immediately delivers possession of the Property to Plaintiff;

2.      For damages at the rate of $80.00 per day from September 25, 2014 until judgment;

3.      For costs of suit incurred herein; and

4.      For such other and further relief as the Court deems just and proper.

DATED: _10/07_, 2014

HOUSER & ALLISON
A Professional Corporation

STEVE W. PORNEDA
Attorney for Plaintiff,
DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN
TRUST, SERIES 2005-OPT2, ASSET
BACKED PASS-THROUGH
CERTIFICATES SERIES 2005-OPT2

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I have read the foregoing COMPLAINT FOR UNLAWFUL DETAINER AGAINST OCCUPANTS HOLDING OVER AFTER NONJUDICIAL SALE UNDER POWER OF SALE IN DEED OF TRUST and know its contents.

I am one of the attorneys for DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARRINGTON MORTGAGE LOAN TRUST, SERIES 2005-OPT2, ASSET BACKED PASS-THROUGH CERTIFICATES SERIES 2005-OPT2, a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___10/07___, 2014, at Long Beach, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Declarant

Branch :LP0,User :AFER                Comment:                                Station Id :EUJO

This page is part of your document - DO NOT DISCARD




**20111599245**

Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/28/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



LEADSHEET



201111280160008

00004999943



003040049

SEQ:
22

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED          t79

Branch :LP0,User :AFER                    Comment:                                    Station Id :BUJO

WHEN RECORDED MAIL TO
and
MAIL TAX STATEMENTS TO:

Deutsche Bank National Trust Company, as
Trustee for Carrington Mortgage Loan Trust,
Series 2005-OPT2, Asset Backed Pass-Through
Certificates, Series 2005-OPT2
c/o AMERICAN HOME MORTGAGE SERVICING

4875 Belfort Road, Suite 130

Jacksonville, FL 32256



11/29/2011

*20111599245*

Trustee Sale No. 11-01920-5    Loan No. 0016377587    Title Order No. 849448

## TRUSTEE'S DEED UPON SALE

APN 2841-043-160

The undersigned grantor declares:
1) The Grantee herein was the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was...... .... . ...... ........... .. . $376,247.31
3) The amount paid by the grantee at the trustee sale was . ...... . . . ... . ..... .... . $191,000.00
4) The documentary transfer tax is . . ................... . ... . ................ . ...... ........... $00.00
5) Said property is in the UNINCORPORATED AREA, Los Angeles County

POWER DEFAULT SERVICES, INC (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates, Series 2005-OPT2 (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Los Angeles, State of California, described as follows:

See Property Description Attached Hereto as Exhibit "A"

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 02/04/2005  and executed by JUAN CARLOS SERRANO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor, and recorded on February 17, 2005, as Instrument No, 05 0365698 of Official Records in the office of the Recorder of Los Angeles County, CA, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on **November 14, 2011**, Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $191,000.00 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

**EXHIBIT 1**

Dated: November 22, 2011

POWER DEFAULT SERVICES, INC. as Trustee
By: Fidelity National Title Insurance Company, its agent

_Melody Smith, Authorized Signature_

State of California            )ss.
County of Sacramento           )ss

On November 22, 2011, before me, Jenny Taylor, Notary Public, personally appeared Melody Smith, who
proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_Jenny Taylor # 1922658_
My Commission Expires January 22, 2015

> JENNY TAYLOR
> Commission # 1922658
> Notary Public - California
> Sacramento County
> My Comm Expires Jan 22, 2015

(Seal)

**EXHIBIT A**

LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF **LOS ANGELES**, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 1/24TH INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT NO. 53705, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1279 PAGES 52 TO 57 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DEFINED AS "COMMON AREA" IN THE CONDOMINIUM PLAN DESIGNATED AS `DRE PHASE 6` RECORDED APRIL 10, 2004 AS INSTRUMENT NO. 04-940358 OFFICIAL RECORDS.

EXCEPT THEREFROM UNITS 88 TO 111 INCLUSIVE AND ASSOCIATION PROPERTY AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

UNIT 94 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 2:

AN EXCLUSIVE EASEMENT FOR BALCONY PURPOSES OVER THOSE AREAS NUMBERED B84 AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR GARAGE PURPOSES OVER THOSE AREAS NUMBERED 94/G2 AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

*EXHIBIT 1*

# EXHIBIT 2

## NOTICE TO OCCUPANT TO VACATE PREMISES

### 17977 LOST CANYON ROAD, UNIT 94, CANYON COUNTRY, CA 91387

**TO: JUAN CARLOS SERRANO, LINA MARIA SERRANO, MARCO PAEZ, ALFREDO F. PAEZ, MARIA CAMPOZANO a/k/a MARIA PAEZ, ISABEL RIPALDA, AND ALL OTHER PERSONS WHO ARE IN THE POSSESSION OF AND OCCUPY THE REAL PROPERTY AT THE ABOVE ADDRESS**

YOU ARE HEREBY NOTIFIED that the premises located at 17977 Lost Canyon Road, Unit 94, Canyon Country, CA 91387 ("the Premises") was duly sold in accordance with Section 2924 of the Civil Code of the State of California on NOVEMBER 22, 2011, under the power of sale contained in a Deed of Trust recorded in the official records, County of Los Angeles, State of California, and the title under sale has been duly perfected by a Trustee's Deed Upon Sale recorded November 28, 2011 as Document No. 20111599245.

NOTICE IS HEREBY GIVEN that you are required to quit and deliver up possession of the Premises to the undersigned or to Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates, Series 2005-2, or its successor in interest as owner, who is authorized to receive the same within the following notice period:

> Within **THREE (3) DAYS** after service of this Notice, in the event you are in possession of the Premises and you are not a tenant or subtenant; or

> Within **NINETY (90) DAYS** after service of this Notice, in the event you are a tenant or subtenant in possession of the Premises.

You are required to vacate and surrender possession of the Premises, or the portion in which you reside, to, unless you provide evidence to the undersigned law firm (as agent for owner) that you are a bona fide tenant pursuant to Section 702(a)(2)(A) of the federal "Protecting Tenants at Foreclosure Act" ("PTFA") or are protected by Section 703 of the PTFA. If within the applicable period as set forth above you fail to EITHER surrender possession OR to provide evidence that you are a bona fide tenant pursuant to Section 702(a)(2)(A) of the PTFA (such tenants have term leases) or are protected by Section 703 of the PTFA (such tenants have Section 8 leases). A copy of the PFTA is attached.

If you are a bona fide tenant protected by the PTFA, you may have the right to stay in your home for longer than 90 days. If you have a lease that ends more than 90 days from now, the new owner must honor the lease under many circumstances. Also, in some cases and in some cities with a "just cause for eviction law," you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

Except as otherwise set forth above, failure to deliver possession of the Premises within three/ninety days may cause you to be subject to court proceedings in the form of an unlawful detainer action demanding not only immediate possession but those damages and court costs to which the owner is entitled by law. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you simply move out and do not respond.

Page 1 of 2

## NOTICE TO OCCUPANT TO VACATE PREMISES

Also, if you do not respond within five days of receiving the papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should talk to a lawyer NOW to see what your rights are.

You may have the right to stay in your home for longer than 90 days. If you have a lease that ends more than 90 days from now, the new owner must honor the lease under many circumstances. Also, in some cases and in some cities with a "just cause for eviction law", you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*If you claim to be a tenant or subtenant who is entitled to remain in the Premises for more than three days, you must notify the undersigned and provide the necessary documents to prove your tenancy within three days of the date this notice is served on you.*

UNLESS CONTACT IS MADE AND ACCEPTABLE EVIDENCE, WHICH THIS FIRM ACCEPTS IN WRITING AS LEGITIMATE, TO SHOW A LEGITIMATE TENANCY IS PRODUCED WITHIN THREE (3) DAYS OF THE SERVICE OF THIS NOTICE, THE EVICTION ACTION WILL BE COMMENCED AGAINST THE ABOVE NAMED FORMER OWNER(S) BASED ON THE THREE (3) DAY PORTION OF THIS NOTICE.

This Notice is given pursuant to the provisions of the PTFA, if applicable, and Code of Civil Procedure §§ 1161, 1161a and 1161b, and if applicable, includes the sixty (60) day Notice required by CCP 1161b within the above 90 day Notice period.

This Notice also constitutes a notice of non-renewal of any lease applicable to the Premises.

DATED: 09/15/14

HOUSER & ALLISON
A Professional Corp.

By: _____
STEVE W. PORNBIDA

If you desire to discuss this Notice, you should immediately contact Steve W. Pornbida at (562) 256-1675 between the hours of 8:30 a.m. to 5:30 p.m., Monday through Friday.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Exhibit 2:

Defendants' Verified Answer April 21, 2015

NOTICE OF REMOVAL - 13

Marco Paez, Alfredo Paez
17977 Lost Canyon Road Unit 94
Canyon Country, CA 91387
By Special Appearance

Sui Juris

DEFENDANT IN ERROR

**FILED**
Superior Court of California
County Of Los Angeles

APR 2 1 2015

Sherri R. Carter, executive Officer/Clerk
By _____, Deputy
Paul So

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES

DEUTSCHE BANK NATIONAL TRUST
COMPANY, AS TRUSTEE FOR
CARINGTON MORTGAGE LOAN TRUST,
SERIES 2005-OPT2, ASSET BACKED
PASS-THROUGH CERTIFICATES
SERRIES 2005-OPT2
     Plaintiff,
     vs.
JUAN CARLOS SERRAN, LINA MARIA
SERRANO, MARCO PAEZ, ALFREDO F.
PAEZ, MARIA CAMPOZANO A/K/A
MARIA PAEZ, ISABEL RIPALDA; and
DOES 1 through 10, inclusive,
     Defendants

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: PAS 14P07978

VERIFIED
ANSWER AND COUNTERCLAIMS

JURY TRIAL DEMANDED

DEFENDANT'S

ANSWER AND COUNTERCLAIMS

COMES NOW Defendants, Marco Paez and Alfredo Paez, one of the People of the

territory of California in this court of record as Real Party in Interest holding, unalienable

secured rights, title and interest to the subject property raising issues therein that must be heard

under rights of due process, equal protection under the law, retention of rights and remedies in

law.

E O L
4-22-15

Marco Paez and Alfredo Paez makes this special appearance without waiving any of his rights judicially or procedurally.

Marco Paez and Alfredo Paez files this verified answer **under duress** to **prevent a default** from being entered against him and challenges Subject Matter Jurisdiction.

This court is operating on the presumption that it has a verified complaint, of which Defendant rebuts and challenges the verification and authentication of the complaint.

Defendants Marco Paez and Alfredo Paez are the only Real Party In Interest that appeared before this court on April 16, 2015 at 1:30 p.m. in Dept. 94. Plaintiff failed to appear and Plaintiff's attorney failed to appear to validate its complaint.

A Complaint is a worthless piece of paper until a Real Party In Interest is before the court with first hand personal knowledge and testifies that they have read the contents of the complaint and swears under oath that all the allegations are true of his/her/their own personal knowledge.

This court made a legal determination without subject matter jurisdiction and requires dismissal of Plaintiff's complaint and this matter before the court.

A judgment void on its face--because rendered when the court lacked subject matter jurisdiction or exceeded its jurisdiction in granting relief--is subject to collateral attack at any time [ Sindler v. Brennan (2003) 105 Cal. App. 4th 1350, 1353, 129 Cal. Rptr. 2d 888]

The judgment of a court lacking jurisdiction over the subject matter is void [*see* Kulko v. California Superior Court (1978) 436 U.S. 84, 91, 98 S. Ct. 1690, 56 L. Ed. 2d 132, 141 ; Hanson v. Denckla (1958) 357 U.S. 235, 250, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 ; County of Ventura v. Tillett (1982) 133 Cal. App. 3d 105, 110, 183 Cal. Rptr. 741 , *cert. denied,* 460 U.S. 1051 (1983 ) (disapproved on another point in County of Los Angeles v. Soto (1984) 35 Cal. 3d 483, 492 n.4, 198 Cal. Rptr. 779, 674 P.2d 750 )].

Defendants in ERROR Marco Paez and Alfredo Paez are of the People of California in this court of record, under the Bill of Right's 7th amendment demands a Jury Trial. Defendant's Marco Paez and Alfredo Paez states they:

1.  Are without information sufficient to make a determination as to paragraph 1 of the complaint.

2.  Denies the allegation in paragraph 2 of the complaint and states that he is not unlawful detained.

3.  Is without information sufficient to make a determination as to paragraph 3 of the complaint and denies.

4.  Denies the allegation in paragraph 4 of the complaint, due to fraudulent and counterfeit documents in the chain of title.  All the elements of §2924 in the non-judicial foreclosure have not been met. *(See Preciado, 224 Cal. App. 4th Supp. at 9)*

5.  Denies the allegation in paragraph 5 of the complaint. The Property was not sold due to fraudulent conveyance.  Title was never duly perfected.  Exhibit A is a counterfeit and forged Trustee's Deed Upon Sale. *(See Preciado, 224 Cal. App. 4th Supp. at 9)*

6.  Denies the allegation in paragraph 6 of the complaint. The Property was not sold due to fraudulent conveyance.  Title was never duly perfected.  Exhibit A is a counterfeit and forged Trustee's Deed Upon Sale. *(See Preciado, 224 Cal. App. 4th Supp. at 9)*

7.  Denies the allegation in paragraph 7 of the complaint.  and states they were never served any Notice to Occupant to Vacate Premises; 3 Day Notice. ( See *Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal.App.4th 1366)*

8.  Denies the allegation in paragraph 8 of the complaint, because there is not landlord/tenant agreement.  Defendant is the owner of the property

9.  Denies the allegation in paragraph 9 of the complaint, because there is not landlord/tenant agreement.  Defendant is the owner of the property.

10. Denies the allegation in paragraph 10 of the complaint. There are no facts by an expert or any documentation to support their allegation as to the amount per day.

11. Defendants confirm their responses to the paragraphs 1 through 10 as stated above.

## GENERAL STATEMENTS AND OBJECTIONS
## TO BE INCORPORATED INTO EACH AND EVERY
## AFFIRMATIVE DEFENSE SET FORTH BELOW

In presenting these affirmative defenses, Defendants Marco Paez and Alfredo Paez do not admit to any of the allegation contained in any of the documents referred to in any of the Affirmative Defenses, and in fact **challenge the validity of each document as being hearsay,** lacking foundation, lacking authentication, lacking personal knowledge of the matter stated therein, and pursuant to the grounds and case law of Herrera v. Deutsche Bank National Trust Co. (2011) 196 Cal.App.4th 1366, *Preciado, 224 Cal. App. 4th Supp. at 9* and on the further grounds that these documents are fraudulent, false, and **forged**, illegal, **null and void.** These documents include without limitation, the, Deed of Trust [DOT], Assignment of Deed of Trust-1 [ADOT-1], Assignment of Deed of Trust-2 [ADOT-2], Assignment of Deed of Trust-3 [ADOT-3], Substitution of Trustee-1 ["SOT1"], Substitution of Trustee-2 ["SOT2"], Notice of Default -1["NOD-1"], Notice of Default -2["NOD-2"], Notice of Trustee Sale-1 ["NOTS-1"], Notice of Trustee Sale ["NOTS-2"]and the Trustee's Deed Upon Sale ["TDUS"], all of which documents are recorded against the subject property in the Official Records in the Office of the Los Angeles County Recorder's Office in the State of California. These documents are referred to allege facts to **support the claims of fraud, forgeries, violations of statutes, violation of rules of law, and illegality, including but limited to the famous robo signer "Linda Green"** but are objected to under California Evidence Code 1401(a)(b) as to being evidence of anything else.

The foregoing General Statement and Objections are hereby incorporated into each and every Affirmative Defense set forth below, as if set forth and pleaded at length in each and every Affirmative Defense.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Fails to State a Cause of Action)

The complaint on file herein, and each and every cause of action contained therein, fails to state a cause of action against this Answering Defendant.

### Second Affirmative Defense

### (The Deed of Trust is Void Due to Unlawful Transfer(s ))

The Complaint for Unlawful Detainer on file herein, & the whole thereof fails, as Defendant asserts the Deed of Trust dated February 4, 2005, and recorded on February 17, 2005 as Document No 05 0365698 in the Official Records in the Office of the County Recorder in and for the County of Los Angeles, State of California [the "DOT"], which is alleged to be the Deed of Trust that was foreclosed on and which foreclosure allegedly forms the basis of Plaintiff's claim of right of possession,  is invalid, illegal, fails to comply with Civil Code §1624, against public policy, against the rules of agency,  and is void, due to the fact the alleged lender ("Option One Mortgage Corp, OOMC") in definition (c) of the Deed of Trust/private contract was not the alleged creditor of the contract.

Defendant believes and alleges that an unknown third party was the creditor to the contract and Option One Mortgage Corp, became **inactive** on November 18, 1996. License # 603 5023 as attained from the Real Estate Truth and Lending Disclosure Statement, part of the escrow documentation. Referred to as EXHIBIT 13 (see California Department of Business Oversight link below:

http://www.dbo.ca.gov/FSD/Licensees/default.asp?flag=1&srchtyp=starts&licstatus=both&bus name=Option+One+Mortgage+corporation&id=6035023&lictype=&city=&state=ca&zip=

Option One Mortgage Corporation, voluntary merged out and closed its doors to doing business.

Therefore all those who allegedly claim under this author through the "DOT" are void. Thus the Plaintiff cannot perfect title.

and based on all of the above, title to the property cannot be perfected in the Plaintiff.

This Deed of Trust shall be referred to in these Affirmative Defenses, and the Answer which these Affirmative Defenses are a part of, just as the "DOT".

## Third Affirmative Defense
### (The Deed of Trust is Void Ab Initio -
### Thus there is No Transfer of Title nor Power to Sell )

Defendants incorporate their 1st and 2nd Affirmative Defenses alleged herein above, as if set forth and pleaded at length herein. Without waiving any of these defenses, Defendants assert the Complaint for Unlawful Detainer on file herein, and the whole thereof fails, as the Deed of Trust/Contract is void due to the fact the actual lenders are and were never disclosed to Defendant, **nor is there a legal transfer under an Assignment of Deed of Trust**, therefore the "power-of-sale clause" contained in the "DOT" is void ab initio, the same as if it never existed. The "DOT " is further illegal, unenforceable, against public policy,  and void ab Indio, as the alleged loan is usurious by an invalid and expired license to do business in Woodland Hills, County of Los Angeles as they proclaim.   As the "DOT" is void, the Defendant never consented to transfer Defendant's title to the disputed property to any Trustee, nor did Defendant ever agree to grant any Trustee any "power-of-sale" of Defendant's property.  nor did any person or entity acquire from the Defendant the "power-to-sell" the Defendant's property, and there is no writing as required by California Civil Code § 1624 signed by the Defendant authorizing the Trustee nor anyone else the "power-to-sell" the Defendant's property. nor was there ever a transfer of Defendant's title to the property to any valid Trustee nor any Trustee at all, to even allow the Trustee to foreclose on the property that forms the dispute herein. Thus the sale of Defendant's property was illegal and without any contractual right of "power-of-sale", and the Trustee's Deed Upon Sale ['TDUS'| of Defendant's property

Thus there was no default, nor a "power-of-sale" clause, nor deed of trust, and the

was done illegally without right of any kind, and  is void as to anyone, and any sale based on

this "DOT", including the "TDUS" is "null and void" , and title to the property cannot be

perfected in the Plaintiff.

### Fourth Affirmative Defense

### (Failure to Comply with 2923 et seq. )

Defendant incorporates his 1st, 2nd, and 3rd Affirmative Defenses alleged herein above, as if set

forth and pleaded at length herein.  Without waiving these positions, and solely to raise this

defense, assuming there is a valid deed of trust, which is absolutely denied, the Complaint for

Unlawful Detainer on file herein and the whole thereof fails due to failure to comply with the

statutes which govern a foreclosure.

A non-judicial foreclosure sale is a creature of statute. (*Kachlon v. Markowitz* (2008) 168

Cal.App.4th 316, 334 [85 Cal. Rptr. 3d 532] [—The Civil Code contains a comprehensive

statutory scheme regulating non-judicial foreclosure.l].) The trustee's role in preparing for and

conducting the sale is set forth in detail in Civil Code section 2924 et seq. —The trustee in non-

judicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the

trustor and beneficiary. (*Vournas*[ *v. Fidelity Nat. Tit. Ins. Co.* (1999)] 73 Cal.App.4th [668,]

677 [86 Cal. Rptr. 2d 490].)

In *California Golf*, the court noted that —California courts have repeatedly allowed

parties to pursue additional remedies for **misconduct arising out of a non-judicial foreclosure**

**sale when not inconsistent with the policies behind the statutes.**l (*Id. at p. 1070.*)

Defendant is informed and believes, and thereon alleges, the foreclosure sale of

Defendant's  property that forms the source of the Trustee's Deed Upon Sale, which Plaintiff

claims is the basis of its right to possession as alleged in Plaintiff's Complaint for Unlawful

Detainer on file herein, is **illegal, unenforceable**, and contrary to pubic policy.  Defendant is

informed and believes and thereon alleges, that Plaintiff failed to comply with the provisions of

the California Civil Code, including but not limited to California Civil Code § 2923, §1095,§

2923.5, §2924 et seq. including but not limited to §2932.5, §2934a, 2941.9; including but not

limited to the Plaintiff failed to provide all the notices as required by law, without limitation, by

failing to file the mandatory declarations to be added or attached to the Notice of Default, and
the mandatory declaration required to be attached to the Substitution of Trustee, that the sale
was authorized and conducted by the order or request of more than 50% of all the beneficiaries
of the promissory note, or the deed of trust, which failure is also a violation definitions number
24 of the contractual terms contained in the "DOT" which defines who can Substitute the
Trustee; and the interpretation of the "DOT" is interpreted against the author of the Deed of
Trust that was allegedly foreclosed upon, which author was Option One Mortgage Corporation
and all those that claim under this document, and all the further documents used in the
foreclosure [i.e. the Assignment of the Deed of Trust (ADOT-1,2 and 3) Substitution of Trustee
("SOT"1), Substitution of Trustee ("SOT"2), Notice of Default ( "NOD-1&2"), the, the Notice
of Trustee Sale ("NTS-1&2"), the Trustee's Deed Upon Sale ("TDUS") ] which documents the
Plaintiff ultimately claims under.

PREMIER TRUST DEED SERVICES, INC and POWER DEFAULT SERVICES INC
as Trustee and other unknowns have created and or fabricated fraudulent and forged documents
in their blatant disregard of the law and this court in violation of CPC §115, §115.5, §118, §470
and §132.

The following lists of documents are fabricated forgeries, in violations of statutes,
violation of rules of law, and illegality;

    1.  First Void Assignment of Deed of Trust recorded August 14, 2008 with instrument
        number 20081466217; was created by **DOCX**, a document "creating mill" **AS**
        **SEEN** on "60 Minutes" http://www.cbsnews.com/news/mortgage-paperwork-mess-
        next-housing-shock/  (See Assignment Exhibit 1) This Assignment was created for
        OPTION ONE MORTGAGE CORPORATION.  The Assignment is allegedly
        signed by **LINDA GREEN**, alleging that she is Vice President of AMERICAN
        HOME MORTGAGE INC, as successor in interest to OOMC when in fact she is
        Senior Vice President / Director of Human Resources for 20 other financial lenders.
        (See American Home Mortgage Inc letter in Response to "60 Minutes"  Exhibit 2)

2. The Assignment is allegedly notarized by Shantavia Thomas a notary from Atlanta, GA. (see Assignment Exhibit 1 and Shantavia Thoma's Notary Application Exhibit 3)

3. A Second Void Assignment of Deed of Trust was recorded December 8, 2008 with instrument number 20082150215; was created by **DOCX**. a document creating MILL service. (See Second Assignment Exhibit 4) This Assignment was created for the beneficiary CARRINGTON MORTGAGE LOAN TRUST by OPTION ONE MORTGAGE CORPORATION. The Assignment is allegedly signed by LINDA GREEN, alleging that she is Vice President of OPTION ONE MORTGAGE CORPORATION when in fact she is an employee of "DOCX". (See American Home Mortgage Inc letter in Response to "60 Minutes" Exhibit 2) The Assignment is allegedly notarized by Shantavia Thomas a notary from Atlanta, Georgia. (see Assignment Exhibit 4 and Shantavia Thomas's Application Exhibit 3)

4. LINDA GREEN an "employee" of DOCX a document mill company, have made false statements on documents and recorded them with the Los Angeles County Recorder's Office in violation of Cal. Penal Code §115, §115.5, §118, §470 and §132. They have also committed wire fraud under federal law Title 18 USC §1341.

5. A third Assignment of Deed of Trust was recorded on September 6, 2011 at at Los Angeles County Recorder's Office instrument number 20111199818,  signed by known robo signer Tonya Hopkins, ALLEGED Assistant Secretary to Sand Canyon Corporation F/K/A OPTION ONE MORTGAGE CORPORATION;  and notarized by Watson Dixson

6. First Void Substitution of Trustee recorded on September 15, 2008 with instrument number 20081655324 allegedly created by. DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARINGTON MORTGAGE LOAN TRUST, SERIES 2005-OPT2, ASSET BACKED PASS-THROUGH CERTIFICATES SERRIES 2005-OPT2 by American Home Mortgage Inc as successor in interest to Option Mortgage Corp as attorney in fact, allegedly

represented and signed by **known robo signers**; Eric Tate and Laura Hescott, Assistant Secretaries and allegedly notarized by James C. Morris a Minnesota Notary. **This is a forged and fabricated document** with someone using James C. Morris's notary stamp and forging his signature.

7. The Second Void Substitution of Trustee recorded on September 9, 2011 with instrument number 20111268277 allegedly created by DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR CARINGTON MORTGAGE LOAN TRUST, SERIES 2005-OPT2, ASSET BACKED PASS-THROUGH CERTIFICATES SERRIES 2005-OPT2 by American Home Mortgage Inc as successor in interest to Option Mortgage Corp as attorney in fact and allegedly signed by a Yvette Washington, Assistant Secretary and allegedly notarized by Brenda L. Frazier a Florida Notary. This is a **forged and fabricated** document with someone using Brenda L. Frazier's notary stamp and forging her signature that does not match ANY applicant, active or inactive licensee in the State of Florida (see Second Substitution Exhibit 5 and Brenda L. Frazier's Notary Application Florida State Search  Exhibit 6)

8. The Void Notice of Default recorded at the Los Angeles County Recorder's Office on May 24, 2011 with instrument number 20110724134 and requested recording by Default Resolution Network, Agent for as Trustee for Beneficiary, without any lawful authority to do so. Exhibit 7)

9. The Void Notice of Trustee Sale recorded on September 19, 2011 with instrument number 20111268278 requested recorded by Fidelity National Title Company of California and signed by Rozalyn Tuder Authorized Signature for Power Default Services, Inc as Trustee is false and without authority to record this document. Exhibit 8)

10. The Trustee's Deed Upon Sale filed as Exhibit 1 of Plaintiff's Complaint is VOID due to the VOID Deed of Trust, Void Assignment of Deed of Trust and the Forged signature of the California Notary Jenny Taylor. (see TDUS Exhibit 9) and Jenny

Taylor, an alleged Notary of California who's Commission # 1922659 is

**nonexistent** with the Secretary of State; http://canotary.info/ **An Expert is not**

**needed to see the document is a forgery, but Defendant has an expert who can**

testify. So there is your duly perfected FORGED chain of title. This is abuse of

government seal for the Notary Seal and County Recorder's Seal

Further the signatures of one or more of the persons signing the foreclosure documents

are forged, including but not limited to that of the ADOT-1 ADOT-2, ADOT-3, SOTD-1,

SOTD-2, NOD, NOTS and the "TDUS". Further the purported Substitutions fail under Cal

Civil Code §2934, and the **entire foreclosure process failed** under §2924, §2934a, §2941.9,

§2923.5 and are void, and all documents that follow them are void.

The Court in Wutzke v. Bill Reid Painting Service, Inc. (1984) 151 Cal.App.3d 36, 43
[198 Cal.Rptr. 418] at head note 3held:) " [3] When a deed is void ab initio, it "constitutes a
nullity; as such it cannot provide the basis for a superior title as against the original {Page 49
Cal.App.4th 585} grantor. [Citations.] **"'A void deed passes no title and cannot be made the**
**foundation of a good title even under the equitable doctrine of bona fide purchase.' "** (
Erickson v. Bohne (1955) 130 Cal.App.2d 553, 557 [279 P.2d 619], quoting 26 C.J.S. at pp.
307-308.)

In the recent 2012 case of La Jolla Group II v. Bruce (2012) 211 Cal.App.4th 461 the
Court held at head note 11 on page 478:

"[11] ".... "Although the law protects innocent purchasers and encumbrance's, that
protection extends only to those who obtained good {Page 211 Cal.App.4th 478} legal title.
[Citations.] ... [A] forged document is void ab initio and constitutes a nullity; as such it cannot
provide the basis for a superior title as against the original grantor.' [Citations.]" (Id. at pp. 379-
380.) A forgery includes "'a false making of a writing'" that "'falsely purports to be the writing
of another.'"

..... Since the Assignment of deed of trust was a forgery and was void, appellants
received no title by it. fn. 7 (Schiavon v. Arnaudo Brothers, supra, 84 Cal.App.4th at pp. 379-
380.)"

Plaintiff claims it acquired title to property were or are all based on these forged,

fraudulent, and void documents, and thus the sale is fraudulent, and good title cannot be based

on fraud even as to a bonafide purchaser for value [ Trout v. Trout, (1934), 220 Cal. 652) and

**the entire foreclosure was illegal and not conducted pursuant to the terms of the DOT and**

**the Trustee lack the power and authority to sell the property under the DOT and the Trustee Sale, including the Trustee's Dee Upon Sale is Void** [see Bank of America v. La Jolla Group II (2005) 129 Cal.App.4th 706 [28 Cal.Rptr.3d 825] ], the Trustee did not have the authorization from the owner of the beneficial interest of the promissory note to conduct the foreclosure, and thus was without the power to conduct the non-judicial foreclosure under the Deed of Trust; and thus lacked the power to enforce the promissory note nor the power to exercise the clause in the Deed of Trust to sell the real property which forms the subject matter of this action, nor to act as the Trustee, and the Notice of Default and the Notice of Trustee's Sale are void, illegal and Void, not merely voidable ( Dimock v. Emerald 16 Properties (2000) 81 Cal. App. 4th 868 [97 Cal.Rptr.2d 255J ].

The above forging and falsifying of documents was done with the intent to defraud the defendant, and knowing the documents would be used to conduct an illegal foreclosure, and thus constitutes forgery. The sale was conducted by using and recording of false, forged, perjured statements, in violation of, including but not limited to Penal Code §470, §115, §115.5, §118, and §132. As the documents used to conduct the foreclosure are false, fraudulent, and forged Plaintiff cannot "perfect title" to the subject property, and thus cannot state a cause of action for unlawful detainer as it cannot prove this element of a cause of action for unlawful detainer.

As the Notice of Default and the Substitution of Trustee are both void, and all the documents that follow are void and they are themselves based on the same defective and void documents, and Plaintiff's TDUS is void, unenforceable, and of nor force or effect, and legal and equitable title to the disputed property is still vested in the Defendant, and title to the property **cannot be duly perfected in the Plaintiff**.

### Fifth Affirmative Defense

### The Plaintiff's Predecessor Is Not the Predecessor in Interest)

Defendant incorporates his 1st, 2nd, 3rd, and 4th Affirmative Defenses alleged herein above, as if set forth and pleaded at length herein. Without waiving these positions, and solely

to raise this defense, the Complaint for Unlawful Detainer an the whole thereof, fails, as the

persons and entities who claimed the right to foreclose on Defendants property, and which

Plaintiff claims to take under pursuant to the "TDUS" and who claimed and/or claimed to be the

owner of the beneficial interest or agent of the owners of the beneficial interest of the

promissory note and "DOT" did not acquire the rights under the "DOT", and each such rights

are not admitted and each absolutely denied, as OPTION ONE MORTGAGE CORPORATION

was not the creditor or funding source as alleged in the "DOT". Thus there are no identifiable

beneficiaries who could authorize the sale, nor substitute the trustee, and Plaintiff cannot perfect

its title.

### Sixth Affirmative Defense

### (The Plaintiff is not A BFP Without Notice)

Defendant incorporates his 1st, 2nd, 3rd, and 5th, Affirmative Defenses alleged herein

above, as if set forth and pleaded at length herein.  Without waiving these positions, and solely

to raise this defense, and without waiving the defect that the Deed of Trust was void ab initio, as

DEUTSCHE BANK NATIONAL TRUST COMPANY failed to disclose its principals, the

Complaint for Unlawful Detainer fails, as the sale is void, and Plaintiff has constructive notice

of the defects, and the defects are apparent from the recorded documents.  Not only is the sale

illegal which defeats a Bona Fide Purchaser for Value, Plaintiff is not even a Bona Fide

Purchaser for Value Without Notice of defects in the title chain, which defects renders the

Trustee's Deed Upon Sale null and void, as the title on the face of the recorded documents with

the Los Angeles County Recorder, has not been duly perfected, as it was obtained by fraud in

violation of Penal Code § 470, § 115, § 118 and § 132,  and the Trustee was an illegal Trustee

with no power to conduct the sale nor sell the property, as the Plaintiff's predecessor in interest

failed to comply with the requirement of §2923 through § 2934a and under the definition 24 of

the "DOT", the order to sell the property pursuant to the deed of trust failed to include the vote

of more than 50% of the owners of the promissory note, and the Substitution of Trustee failed to

include the declaration of more than 50% of the owner of the promissory note or deed of trust

authorized the sale of the property, there must be a writing pursuant to Civil Code § 1624, §
2309 and § 2913, and POWER DEFAULT SERVICES, INC was not legally appointed Trustee,
and thus it had no power to conduct the foreclosure including but not limited to the Trustee's
Sale, nor the power or authority to prepare and delivery a Trustee's Deed Upon Sale, and the
Trustee had in fact misrepresented it had the power to sell the defendant's home when it did not,
and thus intentionally mislead the Defendant and others with the intent to **defraud the
defendant, using false documents prepared** by DOCX., POWER DEFAULT SERVICES
INC, FIDELITY NATIONAL TITLE OF CALIFORNIA on behalf of AMERICAN HOME
MORTGAGE SERVICES for the ALLEGED beneficiary CARRINTON LOAN TRUST which
voided the Trustee's Deed Upon Sale, and the void assignments by signed by the alleged
LINDA GREEN  and  DOCX (illegally substitution of POWER DEFAULT SERVICES, INC
as trustee without complying with California Civil Code § 2934a, § 1624, §1095,  §2309, and
§2319, which (§ 2934a and the "DOT") requires a declaration attached to the Substitution of
Trustee  of more than 50% of the beneficial owners authoring and instructing the legal trustee to
sell the property, and proof of mailing to the balance of the beneficial owner who did not sign
the declaration. The Substitution of Trustee, the Notice of Trustee's Sale, the Trustee's Deed
Upon Sale) and this Trustee's conduct was therefore illegal, and without power and the sale is
absolutely void.

The plaintiff is not a BFP, as plaintiff is charged with public notice in the recording
statutes. See Gates Rubber Co. v. Ulman,(1989) 214 Cal. App. 3d 356, 364 where the court held
that "the elements of bona fide purchase are payment of value, in good faith, and without actual
or constructive notice of another's rights."  "The act of recording creates a conclusive
presumption that a subsequent purchaser has constructive notice of the contents of the
previously recorded document." See Melendrez  v. D & Investment, Inc., (2005) 127 Cal.1711
App. 4th 1238.

**Seventh Affirmative Defense**

**(The Plaintiff lacks capacity to sue)**

The Complaint for Unlawful Detainer on file herein, and the whole thereof fails, as the

Plaintiff lacks capacity to sue.

## Eight Affirmative Defense

## (Plaintiff Lacks Standing to Sue)

Defendant incorporates his 1st -7th Affirmative Defenses alleged herein above, as if set

forth and pleaded at length herein.  Without waiving these positions, and solely to raise this

defense, The Complaint for Unlawful Detainer on file herein, and the whole thereof fails, as

Plaintiff lacks standing to sue, as its standing is based upon fraudulent documents, of which

OPTION ONE MORTGAGE CORPORATION, CHICAGO TITLE and POWER DEFAULT

SERVIVES INC lacked standing to create and record, and the "DOT" and the "TDUS" are

void.

Plaintiff claims to have purchased the property at a foreclosure sale, the validity of

which is absolutely denied by the defendant, which purchase was made "As Is", which includes

no legal or equitable claim, right, interest, lien, encumbrance or title at all.  Fraud cannot be the

basis of good title.

## Nineth Affirmative Defense

## (Robo Signers)

Defendant incorporates all of Defendant prior Affirmative Defenses alleged herein

above, as if set forth and pleaded at length herein.  Without waiving these positions, and solely

to raise this defense, the Complaint for Unlawful Detainer on file herein,  and the whole thereof,

fails as the NOD, ASOD-1, ASOD-2 , ASOD-3, SOTD-1, SOTD-2, NTS and the TDUS, were

signed by, or rely on forged signatures, of by someone falsely claiming to have the power to

sign these documents who did not, who knew nothing of the facts contained in these documents,

and were notarized by someone claiming to be the notary who was not, or signed by the notary

knowing the documents were not presented properly for notarization with the person appearing

in front of the notary stating who or she/he was and the capacity in which they were appearing,

and failed to produce sufficient evidence to prove who these persons were nor the prove of the

capacity and authority which they could sign the documents, which conduct is sometimes

referred to "robo-signing" and "robonotaries" declaring under penalty of perjury that the person signing the document is that person knowing that is it false and misleading, using these robo-signers and robo-notaries, the AODT-1 AODT-2, AODT-3 the SOTD-1, SOTD-2, NOD, NTS, TDUS and all documents based on any of these documents are illegal, in violation of Penal Code § 470 (forgery), § 115 (recording of false documents), § 118 (perjury) and § 132 (use of false documents in a court proceeding).

Plaintiff brings forth the Trustee's Deed Upon Sale as evidence that it has duly perfected title of which Defendant absolutely denies, objects to and challenges.:
*See Preciado*, 224 Cal. App. 4th Supp. at 9 (in a CCP 1161a UD, a "plaintiff must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title"); Aurora Loan Servs., LLC v. Brown, 2012 WL 6213737, at *7 (Cal. App. Div. Super. Ct. July 31, 2012) (linking invalid title with plaintiff's lack of standing to sue for possession); US Bank N.A. v. Espero, 2011 WL 9370474, at *4 (Cal. App. Div. Super. Ct. Dec. 27, 2011) (same)

The trial court erred when it found that the Trustee's Deed Upon Sale was sufficient proof that Bank acquired the property at a regularly conducted sale and thereafter "duly perfected" its title. "[T]itle is duly perfected when all steps have been taken to make it perfect, i.e.. to convey to the purchaser that which he has purchased, valid and good beyond all reasonable doubt, which includes good record title, but is not limited to good record title, as between the parties to the transaction. The term 'duly' implies that all of those elements necessary to a valid sale exist, else there would not be a sale at all. (*Kessler v. Bridge* (1958) 161 Cal.App.2d Supp. 837, 841 [internal citations omitted]. (*See Preciado*, 224 Cal. App. 4th Supp. at 9 (in a CCP 1161a UD Exhibit 10)

**Tenth Affirmative Defense**

**Challenging Verification of the Complaint and**

**Challenging Subject Matter Jurisdiction**

The Complaint for Unlawful Detainer on file herein, and the whole thereof fails as it is unverified by a Real Party In Interest with firsthand and Personal knowledge of the matter contained in the complaint.

The Court of Appeals has interpreted Code of Civil Procedure section 446 to permit attorney verification only where the client's absence from the county makes it impractical or *impossible* to obtain the client's signature. If the client can be reached *by mail, no such impossibility exists…and the attorney verification is not allowed. DeCamp v. First Kensington Corp. (1978) 83 CA3d 268, 275.*

""The object of the verification is to insure good faith in the averments of the party." (Bittleston Law etc. Agency v. Howard (1916) 172 Cal. 357, 360 [156 P. 515].) The bad faith of the defendants in attempting to utilize an attorney verification under the circumstances of this case is patent. To sanction a transparent circumvention of the purpose of verification would totally negate the effect of the requirement, and we must decline to do so."

Wherefore Defendant objects to the complaint being entered into evidence under California Evidence Code 1401(a)(b).

Defendant rebuts any presumption this court may think it has as to a verified complaint before it.

Therefore Defendant Challenges Subject Matter Jurisdiction.

1.  Lack of jurisdiction in its strict sense means an entire absence of power to hear or determine a case, an absence of authority over the subject matter [*see* Abelleira v. District Court of Appeal (1941) 17 Cal. 2d 280, 287-288, 109 P.2d 942 ; Schwenke v. J & P Scott, Inc. (1988) 205 Cal. App. 3d 71, 76, 252 Cal. Rptr. 91] .

2.  The judgment of a court lacking jurisdiction over the subject matter is void [*see* Kulko v. California Superior Court (1978) 436 U.S. 84, 91, 98 S. Ct. 1690, 56 L. Ed. 2d 132, 141 ; Hanson v. Denckla (1958) 357 U.S. 235, 250, 78 S. Ct. 1228, 2 L. Ed. 2d 1283 ; County of Ventura v. Tillett (1982) 133 Cal. App. 3d 105, 110, 183 Cal. Rptr. 741 , *cert. denied,* 460 U.S. 1051 (1983 ) (disapproved on another point in County of Los Angeles v. Soto (1984) 35 Cal. 3d 483, 492 n.4, 198 Cal. Rptr. 779, 674 P.2d 750 )].

3.  Parties cannot confer subject matter jurisdiction upon the court by consent, waiver, or estoppel [ Housing Group v. United Nat'l Ins. Co. (2001) 90 Cal. App. 4th 1106, 1113, 109 Cal. Rptr. 2d 497] , nor can they expand a court's jurisdiction by contract to include a review of an arbitration award on the merits [ Crowell v. Downey Community Hospital Foundation (2002) 95 Cal. App. 4th 730, 739, 115 Cal. Rptr. 2d 810] .

4.    A court's lack of subject matter jurisdiction is never waived and can be raised for the first time on appeal [ Miranda v. 21st Century Insurance Co. (2004) 117 Cal. App. 4th 913, 920, 12 Cal. Rptr. 3d 159 ; Parrott v. Mooring Townhomes Assn. (2003) 112 Cal. App. 4th 873, 876, 6 Cal. Rptr. 3d 116] .

5.    A judgment void on its face--because rendered when the court lacked subject matter jurisdiction or exceeded its jurisdiction in granting relief--is subject to collateral attack at any time [ Sindler v. Brennan (2003) 105 Cal. App. 4th 1350, 1353, 129 Cal. Rptr. 2d 888] .

Defendant reserves the right to amend or request a leave of court to obtain the amendment upon new discoveries.

Whereby Defendant prays this court;

Dismiss this case with prejudice due to lack of subject matter jurisdiction.

Respectfully Submitted.

Dated this April 21, 2015

Marco Paez and Alfredo Paez
Sui Juris

## Declarations of Marco Paez and Alfredo Paez

We, Marco Paez and Alfredo Paez declare the following to be true of our own personal knowledge and if called to testify could do so with confidence.

On April 16, 2015 at 1:30 p.m. in Dept. 94, Defendants made a special appearance challenging the verified complaint of Plaintiff.

Plaintiff failed to appear and Plaintiff's attorney failed to appear to validate its complaint. The court operated on the **presumption** that the complaint was verified. A signature by an unknown party does not give authentication to a document.

This is not a landlord tenant issue. There is no landlord tenant agreement between Plaintiff and Defendant.

Plaintiff is not a bona fide purchase due to the fraud involved in the chain of title.

Defendant discovered that LINDA GREEN was an alleged "employee of DOCX" and not the Vice President OPTION ONE MORTGAGE CORPORATION.

Due to the extensive fraud involved in Defendant's chain of title Plaintiff could never have purchased Defendant Property.

The above states are made under penalty of perjury in the state of California.

Dated: April 21, 2015

Marco Paez & Alfredo Paez

# LIST OF EXHIBITS

EXHIBIT 1
VOID FIRST ASSIGNMENT

EXHIBIT 2
See American Home Mortgage Inc Response to "60 Minutes

EXHIBIT 3
Shantavia Thomas's Notary Application Signature

EXHIBIT 4
Second Assignment

EXHIBIT 5
Second Substitution of Trustee

EXHIBIT 6
Brenda L. Frazier's Notary Application
Florida State Search

EXHIBIT 7
NOTICE OF DEFAULT

EXHIBIT 8
Void Notice of Trustee Sale

EXHIBIT 9
Trustee's Deed Upon Sale

EXHIBIT 10
Preciado Appellate Court Decision

EXHIBIT 11
REAL ESTATE TRUTH-IN-LENDING DISCLOSURE STATEMENT

EXHIBIT 12
THIRD ASSIGNMENT

# EXHIBIT 1
## VOID FIRST ASSIGNMENT

Branch :I03,User :GL29                                                              Station ID :I2I5




This page is part of your document - DO NOT DISCARD



**20081466217**    Pages: 003



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

08/14/08 AT 08:00AM

Fee:  13.00
Tax:  0.00
Other: 0.00
Total: 13.00

Title Company

## TITLE(S) :





L E A D    S H E E T



Assessor's Identification Number (AIN)
To be completed by Examiner OR Title Company in black ink.        Number of AIN's Shown



THIS FORM IS NOT TO BE DUPLICATED



Branch :I03,User :GL29                                                                    Station ID :12I5

Recording Requested By:
Ron Meharg, 888-362-9638
When Recorded Return To:
DOCX
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| AHMA | 647 | 0015377567 |

*AHMA6470015377567*

CRef#:08/23/2008-PRef#:A031-POF
Date:08/11/2008-Print Batch ID:1722
Property Address:
17977 LOST CANYON RD #94
CANYON COUNTRY, CA 91387-8320
CAsso-eR2.0  02/26/2008    2008(c) by DOCX LLC

08/14/09
20081466217

This Space for Recorder's Use Only

## ASSIGNMENT OF DEED OF TRUST

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby
acknowledged, American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage
Corporation, whose address is 6501 Irvine Center Drive, Irvine, CA 92618, does by these presents hereby grant,
bargain, sell, assign, transfer, convey, set over and deliver unto Deutsche Bank National Trust Company, as
Trustee for the Certificateholders of Carrington Mortgage Loan Trust 2005-OPT2, Asset-Backed
Certificates, Series 2005-OPT2, whose address is 1761 East St. Andrew Place, Santa Ana, CA 92705-4934, the
following described deed of trust, securing the payment of a certain promissory note(s) for the sum listed below,
together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the
money due and to become due thereon with interest, and all rights accrued or to accrue under such deed of trust.

Original Borrower(s): JUAN CARLOS SERRANO, A MARRIED MAN AS HIS SOLE AND SEPARATE
PROPERTY
Original Beneficiary: OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION
Date of Deed of Trust: 02/04/2005          Loan Amount: $296,000.00
Recording Date: 02/17/2005     Document #: 05 0365698
Misc. Comments: LEGAL DESCRIPTION: A CONDOMINIUM COMPRISED OF:
(A) AN UNDIVIDED 1/24TH INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT NO.
53795, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED
IN BOOK 1279 PAGES 52 TO 57 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY
RECORDER OF SAID COUNTY, DEFINED AS "COMMON AREA" IN THE CONDOMINIUM PLAN
DESIGNATED AS 'DRE PHASE 6' RECORDED APRIL 19, 2004 AS INSTRUMENT NO.04-940358
OFFICIAL RECORDS.
EXCEPT THEREFROM UNITS 88 TO 111 INCLUSIVE AND ASSOCIATON PROPERTY AS SHOWN
AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.
UNIT 94 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.
PARCEL 2:
AN EXCLUSIVE EASEMENT FOR BALCONY PURPOSES OVER THOSE AREAS NUMBERED B94
AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN
ABOVE MENTIONED.
PARCEL 3 :
AN EXCLUSIVE EASEMENT FOR GARAGE PURPOSES OVER THOSE AREAS NUMBERED 94/G2
AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN
ABOVE MENTIONED.

and recorded in the official records of the County of Los Angeles, State of California affecting Real Property and more particularly described on said Deed of Trust referred to herein.

   IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 08/12/2008.

American Home Mortgage Servicing, Inc. as successor-in-interest to Option One Mortgage Corporation

_Linda Green_
LINDA GREEN
Vice President

State of ~~CA~~ Georgia
County of ~~Orange~~ Fulton

   On this date of 08/12/2008, before me, _SHANTAVIA THOMAS_____, Notary Public, personally appeared _LINDA GREEN_____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of CALIFORNIA that the foregoing paragraph is true and correct.

   Witness my hand and official seal.

Notary Public:

Shantavia Thomas
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
January 29, 2012

# EXHIBIT 2

See American Home Mortgage Inc Response to "60 Minutes



Responses to Questions from
Dan Ructenik, 60 Minutes
March 24, 2011

Dear Dan,

As many of the questions asked require more detailed responses due to the nature of the business, we thought that the best way to do that was to place a notation on the answer, and then at the end of all the responses we have more detailed notes that provide a complete picture of industry procedures that will provide you with a more detailed understanding of these important issues.

As an introduction to American Home Mortgage Servicing (AHMSI), our mission is to provide for and preserve our customer's dream of home ownership.  We work diligently with our customers to realize that mission and as a result we are one of the top eight servicers in the U.S. Treasury's Home Affordable Modification Program (HAMP) program, with performance consistently at the highest levels when compared to our peers.  Additionally, we participate in many outreach events on a monthly basis to meet our customers face to face to discuss their financial situations, and work closely with hundreds of counselors across the country to preserve home ownership.

We have modified nearly 60,000 loans for our customers in the last 12 months alone, 126,000 in the last two years, and 180,000 in the last three years.  Additionally, we are advancing $3 billion in funds for borrowers who are currently delinquent.

Regards,

Philippa Brown
AVP Corporate Communications
American Home Mortgage Servicing, Inc.

1. **What services did Docx perform for American Home Mortgage Servicing and for how long?**

   DocX prepared, executed and recorded lien releases, assignments of mortgage and related documents for AHMSI from April 2008 through November 2009.

1

2. **Does American Home Mortgage Servicing continue to use LPS?**

AHMSI no longer uses Lender Processing Services, Inc. (LPS) or any of its affiliates to create or execute mortgage-related documents. However, LPS provides a number of products and services to mortgage servicers, including a mortgage servicing platform called MSP, which AHMSI uses as its loan servicing system of record to keep an accounting of loan activity with borrowers, and default management software applications, some of which AHMSI continues to use.

3. **Was Linda Green of Cumming, GA a Vice President of American Home Mortgage Servicing or Option One?**

No. Linda Green is not and never has been an employee of AHMSI or of Option One Mortgage Corporation.

4. **If she was not why did she sign mortgage assignments as Vice President of American Home Mortgage Servicing/Option One?**

Ms. Green, along with other employees selected by DocX and LPS, was duly appointed by AHMSI's board of directors as a "Special Officer," holding the title Vice President, for the limited purpose of executing mortgage-related documents. [i]

5. **Why is it standard practice to have someone with the title of Vice President sign an assignment of mortgage?**

As a general matter, corporate authority can only be exercised by officers of the corporation – such as the president, vice presidents and secretaries – or other individuals designated by the corporation's board of directors. In many states, there are statutes and local custom  regarding the formalities of recordation of documents in the land records that require that the signatory for a corporation be an officer with the title of assistant vice president or higher for the document to qualify for recordation. AHMSI appointed its signatories of mortgage-related documents as vice presidents to minimize the need to have individuals with different titles sign documents for use in different states.

6. **How much did Docx charge American Home Mortgage Servicing for the production of an assignment of mortgage?**

As with most negotiated services, pricing information is commercially sensitive, so AHMSI cannot discuss specifics.  AHMSI paid a fee for production of assignments of mortgage in accordance with the terms of the contract between the parties.  AHMSI also paid DocX the recordation fees  required by the appropriate recording authority to record the assignments in the local property records.

7. **Is American Home Mortgage Servicing aware of other companies that used the services of Docx for the production of Assignments of Mortgages and if so what were those companies?**

AHMSI understands that at least one other national servicer also used DocX's services and was affected by the practice of "surrogate signing."[ii]

8. **How many Assignments of Mortgages did Docx produce for American Home Mortgage Servicing?**

AHMSI has determined that DocX produced approximately 70,000 assignments during the period that it was retained by AHMSI to do this work. LPS has advised us that 30,425 assignments were "surrogate-signed" and that such activity was limited to the period of March 2009-October 2009.

9. **What was the process for creating an Assignment of Mortgage? Who would request it and why?**

Before initiating a foreclosure action for a particular property, AHMSI's local foreclosure counsel would review the title report to determine whether by law or local practice an assignment of mortgage was needed or was expected by courts or local officials to be recorded in the local land records to memorialize the transfer of ownership of the mortgage from the originating lender to the securitization trust, the plaintiff in the foreclosure action. If so, foreclosure counsel would request an assignment on LPS's computerized foreclosure tracking system known as "LPS Desktop." Upon receiving this request, DocX would prepare the assignment and notify local counsel that it was ready for review through LPS Desktop. If foreclosure counsel approved, the process would then be for an authorized individual employee of DocX who had been appointed as a Special Officer of AHMSI, as explained above, to execute the assignment pursuant to the corporate authority granted to him or her and DocX would cause the assignment to be recorded in the appropriate land records.

10. **Were the mortgages actually assigned on the dates that they were signed and notarized by Docx employees?**

Mortgages generally transfer with the promissory notes they secure. It is a legal principle commonly expressed by the saying: "The mortgage follows the note." Because AHMSI services loans for securitization trusts, the notes are usually delivered to the trust when the securitization closes. The closing would have happened before a DocX mortgage assignment to the trust was prepared.[iii]

11. **When and how did American Home Mortgage Servicing become aware that "surrogate signers" were signing documents at the Docx office in Alpharetta, GA?**

LPS notified AHMSI of the practice of "surrogate signing" in late November 2009.

## 12. What has American Home Mortgage Servicing done to fix the problem?

Upon learning of this unauthorized practice, AHMSI terminated DocX and promptly conducted an extensive 50-state remediation effort, to address any issues caused by this problem.   The purpose of our remediation efforts was to ensure that no customer would be adversely impacted by this unauthorized activity.

## 13. Was Lynn Szymoniak's loan serviced by American Home Mortgage Servicing?

Yes, but please direct any further inquiries regarding this loan to Ms. Szymoniak. However, we can advise you that on July 14, 2008, a foreclosure action was filed against Ms. Szymoniak styled *Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Soundview Home Loan Trust 2006-OPT2, Asset-Backed Certificates, Series 2006-OPT2 v. Lynn E. Szymoniak, et al.*, Case No. 50-2008 CA 022258, in Palm Beach County, Florida. **Because of this ongoing litigation, AHMSI has reached out to Ms. Szymoniak's counsel to request that she authorize us to discuss her loan with you.  We did not receive a response to our request for permission from Ms. Szymoniak or her counsel; therefore, it would be inappropriate to discuss any details relating to her loan, including any payment history or correspondence.**

## 14. Is Ms. Szymoniak accurate in her allegation that American Home Mortgage Servicing/Option One missed the date at which they were contractually allowed to raise her interest rate and then retroactively applied the rate change? If that is accurate did American Home Mortgage Servicing ever offer to fix that mistake?

**Because of this ongoing litigation, AHMSI has reached out to Ms. Szymoniak's counsel to request that she authorize us to discuss her loan with you.  We did not receive a response to our request for permission from Ms. Szymoniak or her counsel; therefore, it would be inappropriate to discuss any details relating to her loan, including any payment history or correspondence.**

However, without discussing Ms. Szymoniak's loan in particular, Adjustable Rate Mortgage loans set a fixed initial interest rate for a period of time, after which the rate adjusts in accordance with the terms and conditions of the Note.  The Note used in this type of loan indicates that the rate will adjust on a "Change Date," defined to be a date in a particular month and that the first payment for which the interest rate change will be effective will be the month following the Change Date.  In this context, any allegation that the date for adjustment had passed and, therefore, that any adjustment to the rate would be improper, shows a fundamental misunderstanding of the nature of Adjustable Rate Mortgage loans.

15. **Why was Ms. Szymoniak's mortgage assigned to Deutsche Bank by American Home Mortgage Servicing/Option One after Deutsche Bank filed for foreclosure?**

Without discussing Ms. Szymoniak's loan in particular, we can advise you that in Florida there is no legal requirement to record the assignment prior to commencement of a foreclosure action and it is appropriate and standard industry practice to record the mortgage assignment after the foreclosure action has been commenced, merely as secondary, albeit legally unnecessary evidence that the plaintiff has the legal standing to prosecute the foreclosure proceeding, and to provide notice to third parties regarding the lien-holder status of the mortgage.

## Additional Notes/Further Explanations

[i] The use of Special Officers has been standard practice in the mortgage servicing industry for years and is simply a convenient method of appointing individuals employed by contract vendors so that the named individuals are duly appointed to act with respect to legally operative documents that the vendors have been retained to handle. It is akin to using a power of attorney, but with recorded documents it is less burdensome to appoint officers than it is to appoint attorneys-in-fact because with the latter many counties would require the original power of attorney to be submitted for recordation along with the document executed under the power and the signature block for the signature on the document would need to vary depending on the jurisdiction. Thus, it is a sensible and non-controversial business decision to appoint individuals as limited or special officers for the sole and exclusive purposes set forth in the authorizing resolution.

[ii] The term "surrogate signing," is a term that has been used by others, including the press, to describe what DocX employees apparently did until November 2009. Certain DocX employees had express authority to sign mortgage-related documents for us, and were made Special Officers to do so. There is nothing unusual about that. But, we understand that some of those DocX employees may have delegated their signature authority to others who would sign in the name of the authorized employee. We assume that your question is using that term in the same way. If not, let us know.

[iii] Although the answer is accurate, the following detailed explanation is necessary to render it complete:

An assignment of mortgage is created based upon the statutory requirements or local custom and practice of the state in which the property is situated and routinely is executed and delivered, but not recorded, shortly before the date upon which the promissory note and related mortgage are transferred to the securitization trust on the date the trust closed. As between the assignor of the mortgage and the trust, as assignee, recordation is not necessary to effect a lawful transfer of the mortgage. All that is required is execution and delivery and those events occur at or prior to the date the trust acquires the loan as part of the securitization closing. Thus, the mortgages are actually assigned on the dates that they were signed and notarized in connection with the closing of the securitization trust and not subsequent to that date when DocX employees signed assignments and had them notarized.

Furthermore, as background for you to understand why servicers use this process, in the vast majority of states in the United States the "mortgage follows the note." This means that the owner or "holder" of the note has the right to enforce the mortgage as collateral for the note. As mentioned, the trustee is typically given possession of the note, endorsed in blank, and delivered to a custodian as agent of the trustee, at the closing of the securitization trust. The assignment is delivered in an abundance of caution, but is not technically required for the trustee to own all legal right, title and interest in and to the mortgage loan; it suffices under the Uniform Commercial Code in force in most states that the note is endorsed and transferred as described above.

In addition to transferring the mortgage through an unrecorded assignment at the time the assignee securitization trust obtains the loan, it has been industry practice for the loan servicer to have an assignment of mortgage executed and recorded in the name of the trustee for the securitization trust typically shortly before a foreclosure action is commenced. This latter assignment would be recorded to put record title into the name of the owner or holder of the loan, to eliminate any confusion about the assignee being the appropriate plaintiff to commence the foreclosure action. However, this assignment would not act to transfer ownership or holder status to that assignee, which occurred earlier, as explained above.

Although there exists a signed and notarized unrecorded assignment of mortgage in favor of the securitization trustee in a loan file maintained under contract by a custodian retained by the trust, in most cases it is very burdensome and costly to obtain that old, original assignment and more troublesome to record it, which is a document in favor of blank (that is, the name of the assignee is not filled in) and is dated, signed, and notarized years ago; it is generally less burdensome, more efficient, and less expensive to have foreclosure counsel review the current state of title and counsel or a document preparer prepare, sign, notarize, and record a currently prepared assignment, pursuant to appropriate corporate authority.

Finally, there are many reasons why the assignment is not recorded until shortly before or even after a foreclosure action has started. For instance, (i) the servicer typically remains in record title to receive notices filed against the property so that it can act, as servicer, to protect the trust's interest in the loan, (ii) in most states, the record title to the mortgage is relevant to provide notice to the world that there is a lien on the property, but the holder of the note has all rights to enforce the lien regardless of whether it is also in record title, and (iii) there is little reason to spend money to record assignments in the name of the trust in the vast majority of cases where the loan does not go into default and is paid off or refinanced and the servicer needs to generate a pay-off statement within a short period of time and record a mortgage satisfaction. Thus, although assignments are executed and recorded many months or years subsequent to the actual transfer of the mortgage loan, it is critical to understand that the mortgage was assigned at the time the securitization trust closed and not at the time a subsequently executed assignment was executed or recorded.

# EXHIBIT 3

## Shantavia Thomas's Notary Application Signature

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### CLERK OF SUPERIOR COURT
#### FULTON COUNTY
(404) 730-5313



CATHELENE "TINA" ROBINSON
CLERK OF SUPERIOR COURT
(404) 613-5313

ARIVEY MEEKS
CHIEF OF STAFF
(404) 613-2513

ATLANTA JUDICIAL CIRCUIT

Marco Paez
17977 Lost Canyon Road Suite 94
Santa Clarita CA 91387

Dear Mr Paez,

Please find enclosed, certified copies of the notary certificates and application for Shantavia Thomas. The certificates show Ms. Thomas' dates of service as a Fulton County Notary along with her contact information. Please do not hesitate to contact me directly should you need assistance with a Fulton County notary issue in the future.

Sincerely,

Cherrise S. Boone
Public Affairs Officer II
Supervisor, Notary Services

*"The right thing...The right way...Each time.. For every customer"*
LEWIS R. SLATON COURTHOUSE  •  136 PRYOR STREET, SW  •  ATLANTA, GEORGIA 30303
www.fcclk.org

**CATHELENE "TINA" ROBINSON**
**CLERK OF SUPERIOR COURT**
**FULTON COUNTY**

(404) 730-5313



ATLANTA JUDICIAL CIRCUIT

November 19, 2009

474 Tracy Court    Lawrenceville, GA 30046

Shantavia Thomas                    **CERTIFIED MAIL# 7009 0960 0000 2296 4642**
1605 Treelodge Pkwy                 **U.S. MAIL**
Atlanta, GA 30350

Dear Ms. Thomas

We have received a complaint that you notarized an alleged fraudulent Mortgage Release.

It is our policy to investigate allegations from a citizen, regarding any activity of a Fulton County commissioned notary public

Please contact me at (404) 730-5358 as soon as possible so that we can arrange for you to come into my office to discuss the matter. Attached is a copy of the alleged document.

Sincerely,

John B. Gates
Chief Deputy Clerk, Records Administrator

Cc.    Omobola Adepoju, Administrator Coordinator II
       Reginald Starling, Office Administrator

LEWIS R. SLATON COURTHOUSE ◦ 136 PRYOR STREET, SW ◦ ATLANTA, GEORGIA 30303

# Certificate of Appointment
## OF NOTARY PUBLIC

GEORGIA, _____**FULTON**_____ COUNTY.

I, _____**CATHELENE ROBINSON**_____, Clerk of the Superior Court in and

for said County, hereby certify that _____

whose address is _____

_____

Age _____, Sex _____, was duly appointed and sworn in as a Notary Public under the

provisions of O.C.G.A. Title 45, Chapter 17, Article 1, as amended, that the term of office,

begins on the _____ day of _____, 20 ____, and expires on the ____

day of _____, 20 ____.

WITNESS my hand and seal of said Court, this _____ day of

_____, 20 ____.

*Cathelene Robinson*

Clerk of Superior Court ____**Fulton**____ County, Georgia.

*Signature of Applicant*

BK 0037 PG 630

---

I, _____ do solemnly swear that I will well
and truly perform the duties of a Notary Public for the State of Georgia to the best of my ability, and I
further swear that I am not the holder of any public money belonging to the State and unaccounted for,
so help me God.

_____

Sworn to and subscribed before me this _____ day of _____, 20 ____

_____

Deputy Clerk

## ENDORSEMENTS

Georgia, Fulton County

To the Honorable ___Cathelene Robinson___, Clerk of Superior Court of said county:

I, __VERONICA TURNER__, being 18 years of age or older and resident of
(Name of Endorser)

___FULTON COUNTY___, believe the applicant for Notary Public Commission,

__SHANTAVIA THOMAS__, who is not related to myself, to be a person of integrity,
(Name of Applicant)

good moral character, and capable of performing notarial acts. I have known the applicant

for _36_ months or years, and my home telephone number is _770-993-7896_

_1/25, 20 08_

VERONICA TURNER
Notary Public – Georgia
Fulton County
My Comm. Expires Aug. 31, 2010

_Veronica_
(Signature of Endorser)

_1695 Cox Rd_
_Roswell GA 30075_
(Home Address of Endorser)

---

I, __Bailey Kirchner__, being 18 years of age or older and resident of

___FULTON COUNTY___, believe the applicant for Notary Public Commission,

__Shantavia Thomas__, who is not related to myself, to be a person of integrity,
(Name of Applicant)

good moral character, and capable of performing notarial acts. I have known the applicant

for _6_ months or years, and my home telephone number is _770-912-1870_

_Feb. 25_ , 20 08
(Date)

_Bailey Kirchner_
(Signature of Endorser)

Bailey Kirchner
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
February 19, 2011

_13360 Freemanville Rd_
_Alpharetta, GA 30004_
(Home Address of Endorser)

## GRANT OF COMMISION

Pursuant to O.C.G.A. 45-17-2.3, having read and considered, and it appearing that

__Shantavia Thomas__, the applicant, has met the req_____ appointed a

Notary Public for a four year term beginning ___01/30_____ upon
(Date)

(his/her) taking and subscribing the oath prescribed by law.

__CATHELENE ROBINSON__
Cle_____County
_____REVISED 02/1-07

**APPLICATION FOR NOTARY PUBLIC COMMISSION**
Georgia, Fulton County

To the Honorable <u>CATHELENE ROBINSON</u> Clerk of Superior Court of Said County: Fulton County

I, <u>SHANTAVIA THOMAP</u>, in making this application for a Notary Public Commission, do hereby state that: (1) I reside in this county at the address of <u>1605</u> <u>TREE LODGE PKWY ATLANTA GA, 30350</u> OR (1-A) I am a resident of a state bordering on the State of Georgia and carry on a business or profession in the State of Georgia in this county or am regularly employed in the State of Georgia in this county at the address of _____

_____ ;

(2-A) that my residential/cell telephone number is ( 678 ) <u>683 - 8231</u>, (2 –B) that my business telephone number is ( 770 ) <u>753 - 4373</u>, (3) that I am <u>20</u> years of age, (4) that I am male/female, (5) that I am Asian, Black, Hispanic, Indian, White, or Other, (6) that my date of birth is <u>MAY/ 2 /1987</u>, (7) I am at least eighteen years old; and can read and write the English Language. (8) I am a citizen or legal resident of the United States.

I, <u>SHANTAVIA THOMAS</u>, further state that I submit this application to be appointed a Notary Public pursuant to the provisions of Title 45, Chapter 17, Article I, as amended, of the Official Code of Georgia Annotated. I have listed below all denials, revocations, suspensions, restriction or resignations of any notary commission held by me and list below all my criminal convictions(s), including any plea(s) of nolo contendere, except minor traffic violations.

| Description | Date of Action |
|-------------|----------------|
| N/A | N/A |

DECLARATION OF APPLICANT

I, <u>SHANTAVIA THOMAS</u>, do solemnly swear or affirm under penalty of perjury that the personal information I have written in this application is true, complete, and correct.

(Signature of Applicant)

STATE OF GEORGIA

COUNTY OF FULTON

On this <u>30</u>TH day of <u>JANUARY</u>, 200<u>8</u>, before me appeared, <u>SHANTAVIA THOMAS</u>, the person who signed the preceding declaration of applicant in my presence and who wrote or affirmed that (he/she) understood the document and freely declared it to be truthful.

(Official Signature of Notary/Deputy Clerk)          (Official Seal of Notary/Clerk)

(OVER)



Total # of pages:
1

| USA | 000 | 84017300 |
|-----|-----|----------|

CRef#:03/18/2009-PRef#:R060-POF
Date:02/16/2009-Print Batch ID:73564

2008 00723925
Cert#:113605   Bk: 06584 Pg: 6
Doc: REL   08/12/2008 11:50 AM   RF

MArasx6-eR2.0   02/06/2009   Copyright (c)2009 By DOCX, LLC   Space Above For Recorder's Use Only

## MORTGAGE RELEASE, SATISFACTION, AND DISCHARGE

IN CONSIDERATION of the payment and full satisfaction of all indebtedness secured by that certain Mortgage described below, the undersigned, USAA FEDERAL SAVINGS BANK, whose address is 10750 McDermott Freeway, San Antonio, TX 78288, being the present legal owner of said indebtedness and thereby entitled and authorized to receive said payment, does hereby release, satisfy, and discharge said Mortgage in full and does hereby consent that the same be canceled and discharged of record.

Original Borrower(s): SHELLY I WATTS-DOGNAZZI AND JOSEPH E. DOGNAZZI, WIFE AND HUSBAND

Original Mortgagee: USAA FEDERAL SAVINGS BANK (USAA FSB)

Date of Mortgage: 06/19/2006     Loan Amount: $75,000.00     Certificate #: 113605

Recording Date: 08/02/2006     Document #: 2006 00723925

and recorded in the official records of the County of Suffolk, State of Massachusetts affecting Real Property and more particularly described on said Mortgage referred to herein.

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 03/06/2009.

USAA FEDERAL SAVINGS BANK

Korell Harp
Authorized Signer

State of GA
County of Fulton

On this date of 03/06/2009, before me the undersigned authority, personally appeared Korell Harp, personally known to me to be the person whose name is subscribed as the Authorized Signer of USAA FEDERAL SAVINGS BANK, a corporation, on the within instrument, who, being duly affirmed, acknowledged to me that he/she, being authorized to do so, in the capacity therein stated, executed the within instrument for and on behalf of the corporation, as its free and voluntary act and deed, for the consideration, uses and purposes therein contained.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public: Shantavia Thomas
My Commission Expires: 01/29/2012

Shantavia Thomas
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
January 29, 2012

Document Prepared By:
Ronald E. Meharg. PH#: 866-362-9638
Recording Requested By:
USAA FEDERAL SAVINGS BANK
When Recorded Return To:
DOCX LLC
1111 Alderman Drive
Ste #350
Alpharetta, GA 30005

85 COMO RD
READVILLE, MA 02136
Property Location: READVILLE

CATHELENE "TINA" ROBINSON
CLERK OF SUPERIOR COURT
FULTON COUNTY
(404) 730-5313



ATLANTA JUDICIAL CIRCUIT

February 24, 2010

Shantavia Thomas
474 Tracy Court
Lawerence, GA 30046

Re: Notary Complaint

Ms. Thomas,

This letter is to inform you that our investigation is complete. It is our policy to investigate allegations regarding any activity of a Fulton County commissioned notary public. Based on my findings, we have found no reason to seek further action in this matter. We would like to thank you for your cooperation and patience in this investigation. We have also notified Mr. David Breidenbach of this decision.

If you have any questions or concerns please feel free to contact me at 404-613-5313.

Sincerely,

Cathelene "Tina" Robinson
Clerk of Superior Court

Cc.    Arivey Meeks, Chief Administrative Officer
John Gates, Chief Deputy Clerk/Records Administrator
Omobola Adepoju, Administrator Coordinator II
Reginald Starling, Office Administrator

b. Diagram comparison of 2 sample documents: top of page is by "Argent" and the bottom of page is by "MERS as nominee", both were prepared by Ron Meharg, DOCX

c. Seven sets of signed and notarized documents which demonstrate unusual characteristics (signatures of same person appearing in different handwriting, appearance of same hand signing multiple capacities on same document, same person signing in multiple capacities with multiple agencies . . .)

_____

David C. Breidenbach, Attorney

c.c. Patricia Hooks, Assistant District Attorney
     Office of Fulton County District Attorney
     136 Pryor Street, SW
     3rd Floor
     Atlanta, GA 30303

October 12, 2009

David C. Breidenbach
Mailing Address:
PO 15092
Arlington VA 22215


Fulton County Superior Court
136 Pryor St.
Atlanta, GA 30303

Attn: Reginald Starling

I am requesting that an investigation of the notary publics listed below:

Kelli Woolever
Brittany Snow
Shantavia Thomas

1) Be investigated in reference to the authenticity of their claimed identities as well as those persons who verified their identities in order to obtain their notary authority

2) Be investigated in reference to the authenticity of their authority to notarize in Fulton County, GA

3) Be investigated in reference to their recollection of the proof of identity of the signing individuals on the attached documents in which the signature is of questionable origin, i.e.; the same individual has signed the documents in many different capacities.

4) Be investigated as to whether they exercised the duties of their office legally in respect of diligently examining the authority of the individuals to represent the various entities claimed as represented in their statements as notaries.

5) Be investigated as to whether said notaries in fact affixed their signatures as notaries to all of the attached documents

6) Be investigated as to whether said notaries in fact affixed their signatures as signatories using other names as well as in their own names as notaries to all of the attached documents

7) Be investigated as to whether said notaries have criminal records which would preclude their authority to act as notaries

List of attached documents:

a. Copy of drivers license of person initiating the complaint, request for investigation

WHEREOF, the undersigned have caused these presents to ... ... on this date on 05/06/2009.

Argent Mortgage Company, LLC by Citi Residential Lending, Inc., as Attorney in Fact

See full documents attached behind this sheet used to show a sample of the different signatures affixed to documents
Dc9

Witness: Lisa _____

Linda Green
Vice President & Asst Secretary

Signed on behalf of different entities, different capacities
Dc5

Witness: _____

Korell Harp
Vice President & Asst Secretary

Document Prepared By:
Ron Meharg, 888-362-9638
When Recorded Return To:
DOCX
1111 Alderman Dr
Suite 350
Alpharetta, GA 30005

SRAM-REID 10/30/2008    Copyright 2008 by DOCX, LLC

Are these signed by the same person?
Dc5

Are these signed by the same person?
Dc5

... recorded in ... office, of records of the County of Hancock, State of Ohio ... Real Property and more particularly described on said Mortgage referred to herein.
IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 06/18/2009.

Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance ...

Did the same person sign?
Dc9

Korell Harp
Vice President

Tywanna Thomas
Asst Secretary

State of GA
County of Fulton
On this date of 06/18/2009, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named Korell Harp and Tywanna Thomas, known to me (or identified to me on the basis of satisfactory evidence) that they are the Vice President and Asst Secretary respectively of Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc., and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.
Witness my hand and official seal on the date hereinabove set forth.

Notary Public

Did MERS ever record this "mortgage" at all?
Dc5

Tina Wtclever
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
June 17, 2012

NOTES ADDED BY DAVID C. BREIDENBACH
"KORELL HARP HAS CRIMSON RECORD
ISSUING #3 CLEARLY TWO DIFFERENT
HANDS."

10/10/09

Document Prepared By:
Ron Meharg, 888-362-9538

When Recorded Return To:
DOCX
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| AHMA | 647 | 38951590 |

CRef#:06/29/2009~PRef#:A030-POF
Date:06/17/2009-Print Batch ID:6142
MIN #: 100314000006386899
MERS Telephone #: 888/679-6377
PIN/Tax ID #: 13-1909746
Property Address:
2094 TR 249
ARCADIA, OH 44804



Instrument
200709007092 OR 2360 2011

200900007092
Filed for Record in
HANCOCK COUNTY OHIO
NIKKI G BELTZ
08-26-2009 At 02:05 pm.
ASSIGN MTGE     32.00
OR Book 2360 Page 2011 - 2012

EXHIBIT _C_

This Space for Recorder's Use Only



## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc., whose address is 6501 Irvine Center Drive, Irvine, CA 92618, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto Bank of New York as Trustee for American Home Mortgage Investment Trust 2004-4 Mortgage-Backed Notes, Series 2004-4, whose address is One Wall Street, New York, New York, NY 10286, the following described mortgage, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and therein, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such mortgage.

Original Borrower(s): DAVID C BREIDENBACH AND SANDRA L BREIDENBACH-BARCIKOWS AKA SANDRA L. BREIDENBACH AS HUSBAND & WIFE

Original Mortgagee: MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR AMERICAN HOME MORTGAGE ACCEPTANCE, INC.

Date of Mortgage: 09/24/2004     Loan Amount: $900,000.00

Recording Date: 09/30/2004     Book: 2247     Page: 1152-1172     Document #: 200400014476

Legal Description: SITUATED IN CASS TOWNSHIP, COUNTY OF HANCOCK, STATE OF OHIO AND BEING A PART OF THE E 1/2 OF THE NE 1/4 OF SECTION 13, T2N, RE 1E, A TRACT OF LAND BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A RAILROAD SPIKE SET ON THE EAST LINE OF THE NE 1/4 OF SECTION 13, AND DESCRIBED AS LYING, S 00°00'00" E, A DISTANCE OF 136.18 FEET FROM A RAILROAD SPIKE FOUND MARKING THE NORTHEAST CORNER OF SAID NE 1/4: THENCE ALONG SAID EAST LINE OF THE NE 1/4, ALSO BEING THE CENTERLINE OF TOWNSHIP ROAD NUMBER 249, S 00°00'00" E, A DISTANCE OF 596.82 FEET TO A RAILROAD SPIKE FOUND MARKING THE NORTHEAST CORNER OF A 6.226 ACRE TRACT AS DESCRIBED IN DEED VOLUME 417, PAGE 625, OF THE HANCOCK COUNTY DEED RECORDS; THENCE ALONG THE NORTHERLY LINE OF SAID 6.226 ACRE TRACT, S 90°00'00" W, A DISTANCE OF 245.37 FEET TO AN IRON PIN FOUND; THENCE CONTINUING ALONG SAID NORTHERLY LINE, N 38°50'00" W, A DISTANCE OF 101.52 FEET TO AN IRON PIN FOUND; THENCE CONTINUING ALONG SAID NORTHERLY LINE, N 88°59'27" W, A DISTANCE OF 96.39 FEET TO AN IRON PIN FOUND; THENCE CONTINUING ALONG THE NORTHERLY LINE OF SAID 6.226 ACRE TRACT, S 73° 10'47" W, A DISTANCE OF 399.13 FEET TO AN IRON PIN FOUND MARKING THE NORTHWEST CORNER OF SAID 6.226 ACRE TRACT; THENCE N 38°36'56" W, A DISTANCE OF 34.89 FEET TO AN IRON PIN; THENCE N 21°53'49" W, A DISTANCE OF 238.60 FEET TO A 10 INCH WOOD POST FOUND; THENCE N 00°00'00" E, A DISTANCE OF 268.66 FEET TO A 10 INCH WOOD POST FOUND; THENCE 76°06'04" E, A DISTANCE OF 469.39 FEET TO A 18 INCH WOOD POST FOUND THENCE N 89°51'23" E, A DISTANCE OF 368.77 FEET TO THE POINT OF BEGINNING, AND CONTAINING 10.001 ACRES OF LAND, MORE OR LESS, SUBJECT HOWEVER TO ALL LEGAL HIGHWAYS AND PRIOR EASEMENTS OF RECORDS.

Misc. Comments: ASSIGNMENT EFFECTIVE DATE 6/16/2009

Instrument   Book Page
200900097692 OR 2360 2012

and recorded in the official records of the County of Hancock, State of Ohio affecting Real Property and more particularly described on said Mortgage referred to herein.

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 06/18/2009.

Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc.

Korell Harp
Vice President

Tywanna Thomas
Asst. Secretary

State of CA
County of Fulton

On this date of 06/18/2009, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named Korell Harp and Tywanna Thomas, known to me (or identified to me on the basis of satisfactory evidence) that they are the Vice President and Asst. Secretary respectively of Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc., and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public:

Kelli Woolever
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
June 14, 2013

OH-nh-0220  05/21/2009   Copyright (c) 2009 by DOCX LLC

05/06/2009

Argent Mortgage Company, by Citi Residential Lending, Inc., as Attorney in Fact

Witness: Lisa Whitfield

Linda Green
Vice President & Asst Secretary

Witness:

Korell Harp
Vice President & Asst Secretary

Document Prepared By:
Ron Meharg, 888-362-9638
When Recorded Return To:
DOCX
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

MAssci-eR2.0  12/18/2008    Copyright (c) 2008 by DOCX LLC

---

and recorded in the official records of the County of Hancock, State of Ohio affecting Real Property and more particularly described on said Mortgage referred to herein.

IN WITNESS WHEREOF, the undersigned has caused these presents to be executed on this date of 06/18/2009.

Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc.

Korell Harp
Vice President

Tywanna Thomas
Asst. Secretary

State of GA
County of Fulton

On this date of 06/18/2009, before me, the undersigned authority, a Notary Public duly commissioned, qualified and acting within and for the aforementioned State and County, personally appeared the within named Korell Harp and Tywanna Thomas, known to me (or identified to me on the basis of satisfactory evidence) that they are the Vice President and Asst. Secretary respectively of Mortgage Electronic Registration Systems, Inc. as nominee for American Home Mortgage Acceptance, Inc. and were duly authorized in their respective capacities to execute the foregoing instrument for and in the name and in behalf of said corporation and that said corporation executed the same, and further stated and acknowledged that they had so signed, executed and delivered said instrument for the consideration, uses and purposes therein mentioned and set forth.

Witness my hand and official seal on the date hereinabove set forth.

Notary Public:

Kelli Woolever
NOTARY PUBLIC
Fulton County
State of Georgia
My Commission Expires
June 14, 2013

# EXHIBIT 4
## Second Assignment

Branch :I03,User :GL29                                                Station ID :I2I5

This page is part of your document - DO NOT DISCARD



## 20082150215



Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**12/08/08 AT 08:04AM**

| | |
|---|---|
| FEES : | 13.00 |
| TAXES : | 0.00 |
| OTHER : | 0.00 |
| PAID : | 13.00 |

## TITLE(S) : ASSIGNMENT TRUST DEED



LEADSHEET



200812051340018



001126888

SEQ:
01

DAR - Mail· (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

Branch :I03,User :GL29                                                                 Station ID :I215

2

Recording Requested By:
Ron Meharg, 888-362-9638
When Recorded Return To:
DOCX
1111 Alderman Dr.
Suite 350
Alpharetta, GA 30005

| AHMA | 647 | 0015377567A |

* A H M A - 6 4 7 - 0 0 1 5 3 7 7 5 6 7

12/08/2008

* 20082150215 *

CRef#:11/18/2008-PRef#:A031-POF
Date:11/06/2008-Print Batch ID:3050
Property Address:
17977 LOST CANYON RD #94
CANYON COUNTRY, CA 91387-8320

CAnoai eR2.0  08/15/2008     2008(c) by DOCX LLC         This Space for Recorder's Use Only

## ASSIGNMENT OF DEED OF TRUST

   FOR GOOD AND VALUABLE CONSIDERATION, the receipt and sufficiency of which is hereby acknowledged, Option One Mortgage Corporation, whose address is 6501 Irvine Center Dr Irvine, CA 92618, does by these presents hereby grant, bargain, sell, assign, transfer, convey, set over and deliver unto Deutsche Bank National Trust Company, as Trustee for the Certificateholders of Carrington Mortgage Loan Trust 2005 -OPT2, Asset-Backed Certificates, Series 2005-OPT2, whose address is 1761 East St. Andrew Place, Santa Ana, CA 92705-4934, the following described deed of trust, securing the payment of a certain promissory note(s) for the sum listed below, together with all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest, and all rights accrued or to accrue under such deed of trust.

   Original Borrower(s): JUAN CARLOS SERRANO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY
   Original Beneficiary: OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION
   Date of Deed of Trust: 02/04/2005          Loan Amount: $296,000.00
   Recording Date: 02/17/2005    Document #: 05 0365698

# EXHIBIT 5

## Second Substitution of Trustee

Branch :I03,User :GL29
Station ID :I2I5




This page is part of your document - DO NOT DISCARD



## 20111268277



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/19/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |





LEADSHEET



201109191010001

00004688024



003515565

SEQ:
05

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED



t97

Branch :J03,User :GL29

Station ID :I2I5

RECORDING REQUESTED BY

Recording Requested By
ServiceLink
AND WHEN RECORDED MAIL TO
Fidelity National Title Company
3075 Prospect Park Dr., Ste 100
Rancho Cordova , CA 95670



09/19/2011

*20111268277*

Trustee Sale No. 11-01920-5

849448

Space above this line for recorder's use only
Loan No. C015377667

## SUBSTITUTION OF TRUSTEE
### see attached Affidavit

**WHEREAS**, JUAN CARLOS SERRANO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, was the original Trustor, PREMIER TRUST DEED SERVICES, INC., was the original Trustee, and OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION, was the original Beneficiary under that certain Deed of Trust dated February 4, 2005 and Recorded on February 17, 2005, as Instrument No. 05 0365698 of Official Records in the Office of the Recorder of Los Angeles County, California.

**WHEREAS**, the undersigned, the current beneficiary, desires to substitute a new Trustee under said Deed of Trust in place of and instead of said original Trustee, or Successor Trustee, thereunder in the manner in said Deed of Trust provided.

**THEREFORE**, the undersigned hereby substitutes Power Default Services, Inc. whose address is C/O Fidelity National Title Company 3075 Prospect Park Dr., Ste 100, Rancho Cordova, CA 95670, as Trustee under said Deed of Trust.

DATE: ___5-26-11___                    Effective Date: September 7, 2011

By: Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates, Series 2005 OPT2 by American Home Mortgage Servicing Inc., as Attorney in Fact

By: _____
    Yvette Washington      Assistant Secretary

STATE OF _____Florida_____
COUNTY OF _____Duval_____

On ___5-26-11___ before me, ___Brenda L. Frazie___ a Notary Public, personally appeared ___Yvette Washington___, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of ___Florida___ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____      (Seal)

NOTARY PUBLIC-STATE OF FLORIDA
Brenda L. Frazier
Commission # DD885641
Expires:   APR. 30, 2013
BONDED THRU ATLANTIC BONDING CO., INC.

LOS ANGELES, CA  Document:TD 2011.1268277

Page:2 of 3

Printed on:1/2/2013 1:54 PM

Branch :103,User :GL29                                                                                                                            Station ID :I2I5

3

# Fidelity National Title Company

## AFFIDAVIT OF MAILING

T.S. No. 11-01920-5

I declare that I am over the age of 18 years, and that my business address is 3075 Prospect Park Dr., Ste 100, Rancho Cordova, CA 95670.

A copy of the attached Substitution of Trustee was mailed to all those persons required by California Civil Code Section 2924b and in the manner required by Section 2934a(b).

Date: 09/19/2011

Signed: _____

Rozalyn Tudor

# EXHIBIT 6
## Brenda L. Frazier's Notary Application
## Florida State Search

1 of 1

Department Menu

3 Record(s) Selected

## Commissioned Notaries Public

| Name | Birth Date | Notary ID | Commission Expire Date | Bnd Agy ID | Address |
|------|-----------|-----------|------------------------|-----------|---------|
| Frazier, Brenda L. | 5/15/XX | 1257532 EE 880167 | 04/30/17 | BUDGET | Jacksonville, FL 32256 |
| Frazier, Brenda E. | 8/3/XX | 790483 CC 648700 | 05/19/01 | N P U | Brooksville, FL 34609 |
| Frazier, Brenda J. | 9/14/XX | 897217 DD 731089 | 12/21/11 | FAIN | 1919 Mayport Rd Atlantic Beach, FL 32233-0000 |

[Department of State] [Division of Corporations] [Elections Online]

Department of State
Division of Corporations
Notary Commissions
P.O. Box 6327
Tallahassee, FL. 32314

# EXHIBIT 7
# NOTICE OF DEFAULT

Branch :I03,User :GL29                                          Station ID :I2I5




This page is part of your document - DO NOT DISCARD



# 20110724134



**Pages:**
**0003**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**05/24/11 AT 10:40AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |






**L E A D S H E E T**



201105240990023

00004187780


003318546

**SEQ:**
**01**

Daily ERDS



THIS FORM IS NOT TO BE DUPLICATED                    E08



Branch :I03,User :GL29                                                    Station ID :I215

Recording Requested By
and When Recorded Mail to:

Default Resolution Network
3075 Prospect Park Dr., Ste 100
Rancho Cordova, CA  95670

Trustee Sale No: 11-01920-5
Loan No: 0015377967

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property.  No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $35,880.88 as of May 20, 2011, and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact :

American Home Mortgage Servicing, Inc.
4875 Belfort Road Suite 130
Jacksonville, FL 32256
Phone: 877-304-3100  REF# 0015377567

If you have any questions, you should contact a lawyer or the governmental agency which
may have insured your loan.  Notwithstanding the fact that your property is in foreclosure, you
may offer your property for sale, provided the sale is concluded prior to the conclusion of the
foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT
ACTION.  NOTICE IS HEREBY GIVEN THAT: Default has been declared under a Deed of
Trust dated as of February 4, 2005, executed by JUAN CARLOS SERRANO, A MARRIED MAN
AS HIS SOLE AND SEPARATE PROPERTY, as trustor (the "Original Trustor"), to secure
obligations in favor of OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA
CORPORATION, as beneficiary, recorded on February 17, 2005, as Instrument No. 05 0365698
of Official Records in the office of the Recorder of Los Angeles County, California  (the
"Original Deed of Trust"), and that

The Deed of Trust encumbers certain property more particularly described therein (the "Trust
Property"), and that

The Deed of Trust secures the  payment of and the performance of certain obligations,
including but not limited to, the obligations set forth in a promissory note(s) with a face
amount of $296,000.00, and that

A breach of, and default in, the obligations for which said Deed of Trust is security has
occurred in that the trustor has failed to perform obligations pursuant to or under the Note
and/or the Deed of Trust, specifically: failed to pay payments which became due;  together
with late charges due; and that

By reason thereof, the Beneficiary has declared and does hereby declare all sums secured
thereby immediately due and payable and has elected and does hereby elect to cause the
Trust Property to be sold to satisfy the obligations secured thereby.

The mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to
California Civil Code § 2923.5(c) declares that the mortgagee, beneficiary or the mortgagee's
or beneficiary's authorized agent has either contacted the borrower or tried with due diligence
to contact the borrower as required by California Civil Code § 2923.5.

Date: May 23, 2011

Default Resolution Network
Agent for the Beneficiary By: ServiceLink, its Agent
Through SPL EXPRESS, Inc. as authorized agent for Service Link Title

By: _____
        *Thuspe*
        GANTOOL TOLYA

# EXHIBIT 8
## Void Notice of Trustee Sale

Branch :I03,User :GL29                                                                                   Station ID :I2I5

3

AN EXCLUSIVE EASEMENT FOR GARAGE PURPOSES OVER THOSE AREAS NUMBERED 94/G2 AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

The property heretofore described is being sold "as is". The street address and other common designation, if any, of the real property described above is purported to be:

17977 LOST CANYON RD #94, (FAIR OAKS RANCH AREA) CANYON COUNTRY, CA

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein.

Said sale will be made without covenant or warranty, express or implied, regarding title, possession, or encumbrances, to pay the remaining unpaid balance of the obligations secured by and pursuant to the power of sale contained in that certain Deed of Trust (together with any modifications thereto).

The total amount of the unpaid balance of the obligations secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of this Notice of Trustee's Sale is estimated to be $368,631.39 (Estimated), provided, however, prepayment premiums, accrued interest and advances will increase this figure prior to sale. Beneficiary's bid at said sale may include all or part of said amount. In addition to cash, the Trustee will accept a cashier's check drawn on a state or national bank, a check drawn by a state or federal credit union or a check drawn by a state or federal savings and loan association, savings association or savings bank specified in Section 5102 of the California Financial Code and authorized to do business in California, or other such funds as may be acceptable to the trustee. In the event tender other than cash is accepted, the Trustee may withhold the issuance of the Trustee's Deed Upon Sale until funds become available to the payee or endorsee as a matter of right. The property offered for sale excludes all funds held on account by the property receiver, if applicable.

DATE: 09/13/2011

POWER DEFAULT SERVICES, INC., Trustee
By: Fidelity National Title Company, its agent 3075 Prospect Park Dr., Ste 100, Rancho Cordova , CA 95670, 916-636-0114

By: _____
Rozalyn Tudor, Authorized Signature

SALE INFORMATION CAN BE OBTAINED ON LINE AT www.priorityposting.com AUTOMATED SALES INFORMATION PLEASE CALL 714-573-1965

 

This page is part of your document - DO NOT DISCARD





# 20111268278

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

09/19/11 AT 08:00AM

Pages:
0003

| FEES: | 21.00 |
|---|---|
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |





LEADSHEET



201109191010001

00004688025



003515585

SEQ:
06

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED

197



Branch :I03,User :GL29                                                                    Station ID :I2I5

When Recorded Mail To:

Recording Requested By
ServiceLink



Fidelity National Title Company
3075 Prospect Park Dr., Ste 100
Rancho Cordova, CA 95670

Trustee Sale No. 11-01920-5    Loan No. 0015377567    Title Order No. 849446
APN 2841-043-160

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED February 4, 2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDINGS AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On October 11, 2011, at 10:30 AM, at the front entrance to the Pomona Superior Courts Building, 350 West Mission Blvd., Pomona, CA, Power Default Services, Inc., as the duly appointed Trustee, under and pursuant to the power of sale contained in that certain Deed of Trust Recorded on February 17, 2005, as Instrument No. 05 0365698 of Official Records in the office of the Recorder of Los Angeles County, CA , executed by: JUAN CARLOS SERRANO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor, in favor of OPTION ONE MORTGAGE CORPORATION, A CALIFORNIA CORPORATION as Beneficiary, WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER, in lawful money of the United States, all payable at the time of sale, that certain property situated in said County, California describing the land therein as:

PARCEL 1:
A CONDOMINIUM COMPRISED OF:
(A) AN UNDIVIDED 1/24TH INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT NO. 53795, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1279 PAGES 52 TO 57 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY, DEFINED AS "COMMON AREA" IN THE CONDOMINIUM PLAN DESIGNATED AS `DRE PHASE 6` RECORDED APRIL 19, 2004 AS INSTRUMENT NO. 04-940358 OFFICIAL RECORDS.

EXCEPT THEREFROM UNITS 88 TO 111 INCLUSIVE AND ASSOCIATION PROPERTY AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.
UNIT 94 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.
PARCEL 2:
AN EXCLUSIVE EASEMENT FOR BALCONY PURPOSES OVER THOSE AREAS NUMBERED B94 AS SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE MENTIONED.
PARCEL 3:



# EXHIBIT 9
## Trustee's Deed Upon Sale

Branch :I03,User :GL29

Station ID :I2I5

Dated: November 22, 2011

POWER DEFAULT SERVICES, INC. as Trustee
By: Fidelity National Title Insurance Company, its agent

Melody/Smith, Authorized Signature

State of California                    }ss.
County of Sacramento              }ss

On November 22, 2011, before me, Jenny Taylor, Notary Public, personally appeared Melody Smith, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Jenny Taylor  # 1922659
My Commission Expires January 22, 2015

JENNY TAYLOR
Commission # 1922659
Notary Public - California
Sacramento County
My Comm. Expires Jan 22, 2015

(Seal)

Branch :I03,User :GL29 Station ID :I2I5



**This page is part of your document - DO NOT DISCARD**



## 20111599245

Pages:
0004

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**11/28/11 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |





LEADSHEET



201111280160008

00004999943

003640649

SEQ:
22

DAR - Title Company  (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED



Branch :I03,User :GL29                                                                                    Station ID :I2I5

WHEN RECORDED MAIL TO
and
MAIL TAX STATEMENTS TO:

Deutsche Bank National Trust Company, as
Trustee for Carrington Mortgage Loan Trust,
Series 2005-OPT2, Asset Backed Pass-Through
Certificates, Series 2005-OPT2
c/o AMERICAN HOME MORTGAGE SERVICING

4875 Belfort Road, Suite 130

Jacksonville, FL 32256



11/28/2011

*20111599245*

---

Trustee Sale No. 11-01920-5     Loan No. 0015377587     Title Order No. 849448

## TRUSTEE'S DEED UPON SALE

APN  2841-043-160

The undersigned grantor declares:
1)  The Grantee herein was the foreclosing beneficiary.
2)  The amount of the unpaid debt together with costs was........................ . $376,247 31
3)  The amount paid by the grantee at the trustee sale was . ..................... .$191,000.00
4)  The documentary transfer tax is ............................................................... $00.00
5)  Said property is in the UNINCORPORATED AREA. Los Angeles County

POWER DEFAULT SERVICES, INC (herein called Trustee), as the duly appointed Trustee under the Deed of Trust hereinafter described, does hereby grant and convey, but without covenant or warranty, express or implied, to Deutsche Bank National Trust Company, as Trustee for Carrington Mortgage Loan Trust, Series 2005-OPT2, Asset Backed Pass-Through Certificates, Series 2005-OPT2 (herein called Grantee), all of its right, title and interest in and to that certain property situated in the County of Los Angeles, State of California, described as follows:

See Property Description Attached Hereto as Exhibit "A"

This conveyance is made pursuant to the powers conferred upon Trustee by that certain Deed of Trust dated 02/04/2005  and executed by JUAN CARLOS SERRANO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY, as Trustor, and recorded on February 17, 2005, as Instrument No. 05 0365698 of Official Records in the office of the Recorder of Los Angeles County, CA, and after fulfillment of the conditions specified in said Deed of Trust authorizing this conveyance.

Default occurred as set forth in a Notice of Default and Election to Sell which was recorded in the Office of the Recorder of said County, and such default still existed at the time of sale.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of a Sale have been complied with.

Trustee, in compliance with said Notice of Trustee's Sale and in exercise of its powers under said Deed of Trust, sold the herein described property at public auction on **November 14, 2011**. Grantee, being the highest bidder at said sale, became the purchaser of said property for the amount bid being $191,000.00 in lawful money of the United States, or by credit bid if the Grantee was the beneficiary of said Deed of Trust at the time of said Trustee's Sale.

## EXHIBIT A

### LEGAL DESCRIPTION

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF **LOS ANGELES**, STATE OF
CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

A CONDOMINIUM COMPRISED OF:

(A) AN UNDIVIDED 1/24TH INTEREST IN AND TO THAT PORTION OF LOT 1 OF TRACT NO. 53795,
IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1279
PAGES 52 TO 57 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
COUNTY, DEFINED AS "COMMON AREA" IN THE CONDOMINIUM PLAN DESIGNATED AS 'DRE
PHASE 6' RECORDED APRIL 19, 2004 AS INSTRUMENT NO. 04-940358 OFFICIAL RECORDS.

EXCEPT THEREFROM UNITS 88 TO 111 INCLUSIVE AND ASSOCIATION PROPERTY AS SHOWN AND
DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

UNIT 94 AS SHOWN AND DEFINED ON THE CONDOMINIUM PLAN ABOVE MENTIONED.

PARCEL 2:

AN EXCLUSIVE EASEMENT FOR BALCONY PURPOSES OVER THOSE AREAS NUMBERED B84 AS
SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE
MENTIONED.

PARCEL 3:

AN EXCLUSIVE EASEMENT FOR GARAGE PURPOSES OVER THOSE AREAS NUMBERED 94/G2 AS
SHOWN AND DEFINED AS EXCLUSIVE USE COMMON AREA ON THE CONDOMINIUM PLAN ABOVE
MENTIONED.

# EXHIBIT 10
Preciado Appellate Court Decision