# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 19-4064 PA (AFMx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Kevin Nee, et al. v. Lina Maria Serrano, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Marco Paez ("Removing Defendant") on May 9, 2019. (Docket No. 1.) Removing Defendant is seeking to remove an unlawful detainer action brought in Los Angeles County Superior Court by plaintiffs Kevin and Lora Nee ("Plaintiffs") against Removing Defendant as well as Lina Maria Serrano, Jose Carlos Serrano, Isabel Ripalda, Maria Campozano, and Alfredo F. Paez. (Id. at 1-2, 6, 8.) Removing Defendant, who is appearing pro se, asserts that this Court has subject matter jurisdiction on the basis of 28 U.S.C. § 1443, which creates federal removal jurisdiction for actions brought against people who cannot enforce in state court "any law providing for the equal rights of citizens of the Untied States." 28 U.S.C. § 1443(1). Removing Defendant also invokes the Court's diversity jurisdiction, 28 U.S.C. § 1332.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

A defendant "who is denied or cannot enforce" his or her civil rights in state court may remove a civil action or criminal prosecution to federal court. 28 U.S.C. § 1443. Section 1443(1) was enacted "to remove from state courts groundless charges not supported by sufficient evidence when these charges are based on race and deny one his federally protected equal rights as guaranteed by Title II of the 1964 Civil Rights Act." Walker v. Georgia, 417 F.2d 5, 9 (5th Cir. 1969). Section 1443 provides, in pertinent part, that a "civil action[] . . . commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending . . . [if it is] [a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4064 PA (AFMx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Kevin Nee, et al. v. Lina Maria Serrano, et al. | | |

    A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in <u>Georgia v. Rachel</u>, 384 U.S. 780, 788-92, 794-804, 86 S. Ct. 1783, 16 L. Ed. 2d 925 (1966) and <u>City of Greenwood, Miss. v. Peacock</u>, 384 U.S. 808, 824-28, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966). "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights." <u>California v. Sandoval</u>, 434 F.2d 635, 636 (9th Cir. 1970). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." <u>Id.</u>

<u>Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 998-99 (9th Cir. 2006).

    Removing Defendant does not allege any well-pleaded facts that would support removal under § 1443, and therefore Removing Defendant meets neither part of the Supreme Court's test in <u>Georgia v. Rachel</u>. Removing Defendant alleges in conclusory fashion that his rights are being violated by unspecified California laws, policies, and practices, and he also refers to alleged improprieties in a previous unlawful detainer action brought against him in 2014. (Notice of Removal at 1-2, 8-10.) There is no allegation or any other indication that Removing Defendant has properly sought to invoke a law that provides "for the equal civil rights of citizens of the United States," or that he is unable to pursue such a claim because the state court is unable or unwilling to enforce such a claim. Nothing in Removing Defendant's Notice of Removal satisfies his burden to show that any potential deficiencies in California's unlawful detainer procedures "command[s] the state courts to ignore" Removing Defendant's federal rights. <u>See</u> <u>Patel</u>, 446 F.3d at 998-99. The Notice of Removal's allegations are therefore insufficient to establish the Court's jurisdiction under 28 U.S.C. § 1443.

    Removing Defendant also fails to establish that diversity jurisdiction exists over this action. In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. <u>Kantor v. Wellesley Galleries, Ltd.</u>, 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. <u>See</u> <u>Kanter v. Warner-Lambert Co.</u>, 265 F.3d 853, 857 (9th Cir. 2001).

    Removing Defendant alleges that diversity of citizenship exists because he and the other defendants are domiciled in California and Plaintiffs are residents of New York. (Notice of Removal at 2-3.) Because an individual is not necessarily domiciled where he or she resides, Removing Defendant's allegations are insufficient to establish Plaintiffs' citizenship. "Absent unusual circumstances, a party

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-4064 PA (AFMx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Kevin Nee, et al. v. Lina Maria Serrano, et al. | | |

seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). Removing Defendant's allegations here are insufficient to invoke this Court's diversity jurisdiction.

Moreover, Removing Defendant fails to establish that the amount-in-controversy requirement is satisfied. Removing Defendant alleges without further explanation that the amount in controversy exceeds $75,000, and elsewhere Removing Defendant refers to the value of the property at issue in the underlying action. (Notice of Removal at 2, 5, 8.) However, in unlawful detainer actions, the title to the property is not involved; only the right to possession is implicated. Evans v. Super. Ct., 67 Cal. App. 3d 162, 170 (1977). Thus, the amount in controversy is determined by the amount of damages sought in the Complaint, rather than by the value of the subject real property. Id. Here, Plaintiffs filed a Limited Civil Case in which the amount demanded does not exceed $10,000.[1] Given that the value of the subject real property is not in controversy, Removing Defendant has failed to show that this action meets the minimum jurisdictional requirement. For this additional reason, Removing Defendant has not established that the Court has diversity jurisdiction over this action.

The Court also notes that Removing Defendant's Notice of Removal is procedurally defective in two respects. First, a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Here, Removing Defendant alleges that he was served in this action on September 19, 2018, well over 30 days ago. (See Notice of Removal at 6.) Second, Defendant is a California citizen (Notice of Removal at 2-3), but a local defendant cannot remove a case to federal court based on diversity jurisdiction. 28 U.S.C. § 1441(b)(2); see Lively v. Wild Oats Mkts., Inc., 456 F.3d 933, 939-40 (9th Cir. 2006) (noting that "[r]emoval based on diversity jurisdiction is intended to protect out-of-state defendants from possible prejudices in state court").

For the foregoing reasons, Removing Defendant has failed to meet his burden of showing that removal pursuant to 28 U.S.C. § 1443 is available, or that diversity jurisdiction exists or may properly be invoked. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles County Superior Court, Case No. 18CHUD01658. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1] Removing Defendant did not attach a copy of the complaint to his Notice of Removal, but the Court may take judicial notice of the state-court records in this action. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).